THE STATE OF OHIO, APPELLEE, *v.* BALLARD, APPELLANT.

(No. 46928—Decided February 6, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. David L. Doughten,* for appellant.

CORRIGAN, J.  Thomas Ballard, the appellant in this action, was originally indicted on one count of aggravated burglary, one count of grand theft, and one count of robbery. The first two counts relate to an incident which *is not* the subject of this appeal. The appellant pleaded not guilty to all counts but was found guilty by a jury on January 31, 1983. He was sentenced to five to fifteen years on the count of robbery and seven to twenty-five years on the count of aggravated burglary.

The incident from which the robbery count arose is as follows: On June 12, 1981, the appellant went to a home where his ex-girlfriend was living in an attempt to talk with her. It was almost 3:00 a.m. when he arrived. His ex-girlfriend, Mary Howard, was outside when he arrived, and he approached her and asked if they could talk. She refused, and as she walked away, the appellant grabbed her purse off of her arm. He then told her that he would return her purse if she would agree to speak with him for a few minutes. She stated that she did not want her purse back.

While holding the purse, the appellant noticed that it felt heavy, so he looked inside it, only to discover a gun. He then removed the weapon and returned the purse to Howard. Howard herself testified that the appellant did not know that she carried a gun. She admitted that she had threatened to harm the appellant if he did not stay away from her. Howard also testified at trial that the appellant did not threaten her or use force against her in any way. She stated that on the night of the incident in question, she was never put in fear of her own safety.

The appellant is now assigning the following error:

"The evidence adduced at trial is insufficient to uphold the conviction of robbery thereby denying appellant his due process right to a fair trial as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I § 10 of the Ohio Constitution."

R.C. 2911.02 provides:

"(A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another.

"(B) Whoever violates this section is guilty of robbery, a felony of the second degree."

First, it is highly doubtful that it can be stated that any force was used by the appellant against Howard. It was Howard's testimony that the appellant used *no* force against her. In *State* v. *Cohen* (1978), 60 Ohio App. 2d 182 [14 O.O.3d 142], two men rolled a sleeping man over on his stomach and took his watch and wallet. The court in that case stated at 183:

"The appellant contends that the prosecutor's uncontroverted statement of facts at the hearing below negatives the existence of an essential element of the offense of robbery, *viz.*, that the appellant, in committing the theft offense in question, 'use[d] or threaten[ed] the immediate use of force against another.' R.C. 2911.02(A). We agree. The mere rearrangement of a sleeping victim's unresisting body to facilitate the commission of a theft offense does not, in our opinion, constitute any 'violence, compulsion or constraint * * * exerted * * * against a person' as those terms are used to define 'force' in R.C. 2901.01(A), and does not pose the increased threat of actual or potential harm to the theft victim which the robbery statute was designed to discourage. The factual statement recited by the prosecutor to the court below, while sufficient to support a charge of theft, was clearly insufficient to support the appellant's conviction of the charged offense of robbery."

In *State* v. *Grant (Gant)* (Oct. 22, 1981), Cuyahoga App. No. 43027, unreported, this court distinguished *Cohen* from a case where pickpockets purposely bumped and jostled people in order to take their wallets. The reasoning in *Cohen,* though, is still valid, and the facts in *Grant* are distinguishable from those in the instant case. In the Committee Comment after the robbery statute, it is noted that the type of force envisioned by the legislature is that which poses actual or potential harm to a person. The "victim" in the instant case made clear that no force was used against her. Even if we disregard her testimony, it is difficult to see how the grabbing of a purse merely to coax her into talking constitutes the force required by R.C. 2911.02. The act of grabbing the purse posed neither actual nor potential harm to Howard.

In order to sustain a conviction for robbery, there must be an attempt or the commission of a theft offense. An element of such an offense is that there must be *purpose to deprive the owner of property.* When he took Howard's purse, it is clear that the appellant had neither the purpose nor the intention of depriving Howard of it. His only goal was to persuade Howard to talk with him.

Furthermore, the appellee would argue that it is not the purse which is in question here, but the gun. The appellant had no idea that Howard was carrying a gun; Howard herself testified to that fact. It was only *after* he took her purse and noticed that it felt heavy did the appellant look inside and take the gun. As mentioned earlier, it is quite doubtful that the grabbing of a purse constitutes the requisite force under the

robbery statute. Even if the force requirement were met, however, that force was applied long *before* the appellant had any knowledge that there was a gun or made the decision to take it. The appellant's argument is that the elements of robbery must occur simultaneously in order for the offense to occur. The committee notes after the *theft* statute have suggested that the element of the taking of the property must occur simultaneously with the purpose to deprive the owner of the property. The additional element in *robbery* is that of force. A plain reading of the robbery statute (R.C. 2911.02) leads to the conclusion that the force or threat of force must be used in attempting or committing the theft offense, or in fleeing thereafter. If any theft offense occurred herein, it was not the taking of the purse but the taking of the gun. There was *no* force used in the taking of the gun. The elements of robbery obviously do not coincide in the instant situation.

It is axiomatic that it is the duty of the trier of fact to decide the proper weight and credibility of the evidence. However, it is also an axiom, perhaps a more fundamental one, that guilt must be proven beyond a reasonable doubt. The facts in this case clearly indicate that the appellant's motion for acquittal should have been granted. The elements of the crime of robbery have not been established.

Accordingly, the judgment of the trial court as to the count of robbery is reversed.

*Judgment reversed.*

DAY, P.J., concurs.

PARRINO, J., dissents.

PARRINO, J., dissenting. Defendant-appellant Thomas Ballard appeals his conviction for robbery rendered in the Court of Common Pleas of Cuyahoga County on January 27, 1983 following trial by jury.

Appellant was indicted July 21, 1981 on one count of aggravated burglary, one count of grand theft and one count of robbery. The aggravated burglary and grand theft charges stemmed from a May 28, 1981 incident. The robbery charge, the only charge in issue, arose from a June 12, 1981 incident. The separate incidents were not related, but the charges were consolidated for trial. Appellant was convicted on all counts and sentenced according to law.

The evidence relative to the robbery charge was produced through the testimony of the victim, Mary Howard, and the police detective who questioned appellant concerning the June 12 incident.

Howard testified that at approximately 3:00 a.m. on June 12, she was walking up the driveway to a girlfriend's house when she was approached by appellant. She and appellant had dated for approximately one year but quit seeing each other in late May or early June. She testified that appellant said he wanted to talk to her but she told him they had nothing to talk about. At that point appellant grabbed her purse and took it away from her. He did not return the purse until after he removed a gun from it. Howard called the police immediately after the incident.

A police officer testified that defendant made an oral statement on June 13, 1981 wherein defendant stated that he had taken the gun and sold it to a woman on East 108th Street.

The defense rested at the conclusion of the state's case.

Appellant assigns one error for our review:

"I. The evidence adduced at trial is insufficient to uphold the conviction of robbery thereby denying appellant his due process right to a fair trial as guaranteed by the Fourteenth Amendment of the United States Constitution

and Article I § 10 of the Ohio Constitution."

This assignment of error is not well-taken.

The offense of robbery is defined at R.C. 2911.02(A) as follows:

"No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another."

Appellant has accepted the authority of *State* v. *Mathis* (Jan. 31, 1980), Cuyahoga App. No. 40588, unreported, and *State* v. *Grant* (*Gant*) (Oct. 22, 1981), Cuyahoga App. No. 43027, unreported, for the proposition that the evidence of the manner in which appellant took the purse (and its contents) from Howard was sufficient for the jury to have found beyond a reasonable doubt that appellant used force. He argues, however, that the state failed to prove intent, *i.e.,* the intent to steal Howard's gun, a required element for theft offenses, at the time he grabbed and gained possession of Howard's purse.

The theft offense underlying the robbery charge is defined at R.C. 2913.02(A), which states in pertinent part:

"No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either: * * *"

Appellant argues on appeal that the evidence clearly showed that his intent when he forcibly took Howard's purse was only to induce her to talk to him. He argues that the evidence only permits the inference that the intent to deprive Howard of the gun only developed when he became aware of the gun's presence in the purse. In support of this argument he cites Howard's testimony that appellant did not know the gun was in her purse, that he did not take the money or other items that were in the purse, and, further, her admission that she had at a prior time threatened appellant.

Although appellant's argument presents one possible inference from the evidence presented, it is not the only inference which could be drawn by a reasonable jury. The state cannot probe a defendant's mind and put forth evidence of the defendant's *actual* intent at the time of an alleged crime. The state introduced sufficient evidence from which a reasonable jury could find, beyond a reasonable doubt, that appellant forcibly took Howard's purse from her with purpose to deprive Howard of property. Appellant returned the purse to Howard. He kept her gun and later disposed of it to a third party.

Accordingly, it is my opinion that the conviction for robbery should be affirmed.

For these reasons I respectfully dissent.