The STATE of Ohio, Appellee,

v.

GRUBBS, Appellant.

[Cite as *State v. Grubbs* (1998), 129 Ohio App.3d 730.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 97–CA–125.

Decided Sept. 11, 1998.

*William F. Schenck,* Greene County Prosecuting Attorney, and *Robert K. Hendrix,* Assistant Prosecuting Attorney, for appellee.

*J. Allen Wilmes,* for appellant.

---

KERNS, Judge.

On August 1, 1997, the defendant, Michael H. Grubbs, was indicted for robbery, a felony of the third degree, in violation of R.C. 2911.02(A)(3), and on August 7, 1997, he entered a plea of not guilty to the charge.

On September 5, 1997, Grubbs filed a motion for an evaluation of competency pursuant to R.C. 2945.371, and he thereafter submitted to an examination by Dr. Kim Stookey. Dr. Stookey observed, among other things, that the defendant, who was twenty-four years of age, was severely handicapped intellectually and that his social judgment and reasoning abilities were below normal. Specifically, Dr. Stookey noted that Grubbs had a verbal scale intelligence quotient that fell within the borderline to mild range of mental retardation, that his attention, concentration, and short-term memory were below normal, and that his range of factual knowledge was poor. However, Dr. Stookey also found that the defendant had sufficient self-protective and reasoning ability to make decisions in his own best interests and that he was competent to stand trial upon the charge of robbery.

On October 21, 1997, the defendant appeared with counsel to enter a plea of guilty as charged to the offense of robbery, and after a hearing pursuant to Crim.R. 11, the trial court accepted the plea and thereupon sentenced Grubbs to the Department of Rehabilitation and Correction for a term of three years.

I

The appellant's first assignment of error is as follows:

"The trial court committed prejudicial error by accepting and entering a plea of guilty where defendant repeatedly and emphatically denied an essential element of the offense charged."

At the hearing of this matter, the common pleas court invited the prosecution to state the facts underlying the indictment and the following explanation was submitted:

"The State of Ohio is prepared to prove that on or about July 26, 1997 in Greene County, Ohio, the defendant, Mr. Michael H. Grubbs, did in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, used or threatened the immediate use of force against another, contrary to and in violation of Section 2911.02(A)(3) of the Ohio Revised Code and against the peace and dignity of the State of Ohio, that being robbery, a felony of the third degree. Briefly, on July 26, 1997, at approximately 1:30 p.m., the defendant and another

individual were observed by loss prevention personnel at the Walmart Store which is located in Beavercreek, Ohio, selecting items including cigarettes. Subsequently, the defendant was observed exiting the store without paying for those cigarettes. As a result of that, the defendant was approached by security personnel and asked to step back into the store. The defendant initially refused to do that. However, subsequently, he returned the cigarettes which the defendant had taken without paying for and attempted to push his way through, leaving the area. However, the associates became involved in a physical confrontation with the defendant in an attempt to apprehend or prevent him from leaving. As a result of that event, the defendant is charged with robbery, a felony of the third degree. This event did occur in Beavercreek, which is in Greene County, Ohio."

After this description of the events and circumstances surrounding the charge, the following colloquy took place:

"THE COURT: Mr. Grubbs, did you understand what Mr. Hunter read?

"THE DEFENDANT: Yes, sir.

"THE COURT: Is that the set of facts that you wish to enter a plea of guilty to?

"THE DEFENDANT: Yes, sir.

"THE COURT: Is that because you did that?

"THE DEFENDANT: Yes. I tried to get away from them. That is all.

"THE COURT: And you pushed?

"THE DEFENDANT: I didn't push nobody.

"THE COURT: Well, did you bump into them? Was there any kind of violence?

"THE DEFENDANT: They hurt my arm and they grabbed me and I was high on heroin.

"THE COURT: Did you exercise any kind of force?

"THE DEFENDANT: Just jerking my arm and they threw me to the ground.

"THE COURT: Did you struggle with them?

"THE DEFENDANT: No, sir. Not that I can think of.

"MR. HUNTER: Well, your honor, if I may, what the State's allegation is is that the defendant attempted to flee, and did not in fact use physical force in attempting to, I think, he just stated an attempt to flee from the loss prevention people. And that is what necessitated him being taken to the ground because he was trying to get away by force, is that correct?

"THE DEFENDANT: Yes, I tried to get away, but I didn't use no force on them.

"MR. HUNTER: You were trying to get away by force. You were trying to get away. They were trying to keep you from getting away.

"THE DEFENDANT: They just grabbed my arm and I jerked my arm and I kept walking and they threw me to the ground.

"THE COURT: So, initially, they tried to get you to come with them and you just kept walking, correct.

"THE DEFENDANT: Yes, I didn't know who they were. Yes."

Thereafter, Grubbs entered a plea of guilty to robbery, and the question immediately surfaces as to whether the record supports the required determination by the trial court that he did so with a complete understanding of the nature of the charge against him. In this regard, the record shows that Grubbs was not wholly unfamiliar with the operation of the criminal justice system, but neither can his pointed denial of any use of force at or about the time of the incident at Walmart be reconciled with his subsequent plea of guilty to robbery.

In the usual case, it is the element of force that makes a robbery out of what otherwise would be a theft. R.C. 2911.02(A). And force has been defined in R.C. 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."

This court has given practical application to the broad legislative definition of "force" and has concluded that "the type of force envisioned by the legislature in enacting R.C. 2911.02 is 'that which poses actual or potential harm to a person.'" *State v. Furlow* (1992), 80 Ohio App.3d 146, 148, 608 N.E.2d 1112, 1113, quoting *State v. Carter* (1985), 29 Ohio App.3d 148, 149, 29 OBR 165, 166, 504 N.E.2d 469, 470; see, also, *State v. Ballard* (1984), 14 Ohio App.3d 59, 60, 14 OBR 64, 66, 469 N.E.2d 1334, 1335.

According to the record, the defendant was motivated to a considerable extent to enter a plea of guilty by a promise that the prosecution would recommend a three–year rather than a five–year sentence, and in most cases, a counseled plea of guilty removes the issue of factual guilt from the case.

Here, however, the defendant specifically testified that he "didn't use no force," and the only argument submitted by the prosecution to the contrary is based upon the proposition that "he kept walking and jerked his arm away" after returning the cigarettes. Under those circumstances, and without further details relative to the element of force, it does not appear that Grubbs's conduct posed any actual or potential harm to the security personnel at Walmart. Nor does it appear, without further explanation, that the defendant's plea of guilty was

voluntarily, knowingly, and intelligently made. Accordingly, the first assignment of error is well taken.

## II

■ The second assignment of error has been presented by the appellant as follows:

"The trial court committed prejudicial error by accepting and entering a plea of guilty when appellant received ineffective assistance of counsel who failed to properly present and establish that said appellant was incompetent to stand trial herein."

In this regard, the record discloses that the trial court ordered a competency evaluation of the defendant to be performed by Dr. Stookey and that Grubbs and his trial counsel stipulated Stookey's report into evidence. No oral hearing as to competency was requested by trial counsel, and apparently none was held as provided for in R.C. 2945.37.

Appellant contends that there was sufficient evidence of incompetency in Dr. Stookey's evaluation to establish an essential duty upon trial counsel to pursue the issue either at a hearing or by requesting a second evaluation from a different psychologist, who might be more sympathetic to Grubbs's mental limitations.

While a second evaluation might have been helpful, the record fails to show a reasonable probability that but for counsel's alleged unprofessional errors, the results of the proceedings in the common pleas court would have been different. See *Strickland v. Washington* (1984), 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 697–698; *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373, 379–380. But in any event, the claim of ineffective assistance of counsel is rendered moot by our conclusion as to the first assignment of error.

Accordingly, the judgment and sentence are reversed, and the cause is remanded to the trial court to permit the defendant to plead anew after a further explanation of the nature of the charge against him and/or for such further proceedings, including a possible second evaluation, as may be required by law.

*Judgment reversed*
*and cause remanded.*

WOLFF and FAIN, JJ., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.