JOURNAL ENTRY and OPINION
Appellant Yul Dunning appeals the decision of the trial court convicting him of robbery and sentencing him accordingly. Dunning assigns the following three errors for our review:
 I. THE EVIDENCE ADDUCED AT TRIAL IS INSUFFICIENT TO UPHOLD THE CONVICTION OF ROBBERY THEREBY DENYING APPELLANT HIS DUE PROCESS RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION.
 II. PREJUDICIAL ERROR WAS COMMITTED BY THE ADMISSION OF OTHER ACTS TESTIMONY IN VIOLATION OF R.C. 2945.59, EVID.R. 404(B) AND MR. DUNNING'S RIGHTS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 III. THE MISCONDUCT OF THE PROSECUTOR VIOLATED MR. DUNNING'S RIGHT TO A FAIR TRIAL GUARANTEED BY THE DUE PROCESS PROVISIONS OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On October 8, 1998, appellant Yul Dunning entered a Finast grocery store, placed ninety-two containers of deodorant inside his jacket, and walked out of the store through the entrance door. As he headed outside, Dunning was spotted by store manager Thomas Cerveny. When Cerveny noticed a bulge in Dunning's jacket, he notified Dunning that he was an assistant manager and asked Dunning to step back into the store. Dunning refused. Cerveny observed a deodorant bottle protruding from Dunning's coat. Cerveny grabbed Dunning by his arm in an attempt to detain him. Dunning knocked Cerveny's hand away, and Cerveny grabbed Dunning's jacket with both hands. Thereafter, Dunning began hitting Cerveny on the arms and chest, striking him at least ten times. Cerveny yelled for help and Dunning fled the store on foot.
Cerveny called the store security guard, Matthew Slatkovsky, for assistance. Cerveny informed him of the offense, and described Dunning as wearing a maroon coat and tan pants. Slatkovsky and Cerveny left the store searching for Dunning.
They spotted Dunning a short distance away from the store. Slatkovsky identified himself as a police officer and ordered Dunning to stop, but Dunning ran toward a nearby apartment building. As Dunning ran, several containers of deodorant fell from his jacket.
Dunning ran to the door of the apartment building, which was locked. Slatkovsky caught up to Dunning and attempted to arrest him. Dunning would not cooperate and a struggle ensued. Slatkovsky eventually handcuffed Dunning and retrieved the ninety-two containers of deodorant.
The prosecutor charged Dunning with Robbery under R.C.2911.02(A)(2). At trial, the prosecutor presented the testimony of Cerveny and Slatkovsky. Dunning took the stand in his own defense. He admitted stealing the deodorant and leaving the store but denied hitting Cerveny. He stated he felt someone grab his arm as he left the store, but he continued to walk away.
At the close of the evidence, the trial court informed the parties that it would instruct the jury on the lesser included offenses of robbery under 2911.02(A)(3) and theft. The jury convicted Dunning of robbery under 2911.02(A)(3) — a second degree felony. Dunning was sentenced to four years in prison. This appeal followed.
Appellant argues that the prosecution's evidence on the element of force is insufficient as a matter of law. Appellant acknowledged during oral argument that the initial force used by appellant toward Cerveny, when appellant exited the store, constituted sufficient evidence to present the matter to the jury. However, he argued that the force used by appellant after store security guard Slatkovsky caught appellant should not have been considered by the jury. Appellant failed to object to this evidence at trial.
The prosecution argued that at the moment a shoplifter uses force in the continuation of his crime of theft, he is a robber under the statute. Furthermore, the prosecutor argued robbery in this instance occurred when appellant first used force against Cerveny and continued when appellant used force against Slatkovsky. The prosecution argued that both instances constituted a continued act from a single theft offense. We agree with the prosecution.
Whether the evidence is legally sufficient to present to the jury or sustain a jury's verdict is a law question for the court to decide. State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546, citing State v. Robinson (1955), 162 Ohio St. 486,124 N.E.2d 148, 149. We, of course, are not required to defer to the trial court on law questions, and as such, we review this matter de novo. State v. Wilson (Feb. 18, 2000), Adams App. No. 99CA672, unreported, citing Thompkins, 78 Ohio St.3d at 386,678 N.E.2d at 546.
Thus, we undertake the broadest review and will not reverse the trial court unless we conclude that a reasonable factfinder on these facts could only find the appellant not guilty. To find the appellant not guilty, we must review the evidence in the light most favorable to the prosecution and then conclude as a matter of law that a rational factfinder could only reach the conclusion that the state's evidence failed to prove all the essential elements of the offense beyond a reasonable doubt. See Jenks,61 Ohio St.3d at 273, 574 N.E.2d at 503. State v. Lindsey (2000),87 Ohio St.3d 479, 482, 721 N.E.2d 995, 1001, citing Jackson v.Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,61 L.Ed.2d 560, 573, rehearing denied (1979), 444 U.S. 890,100 S.Ct. 195, 62 L.Ed.2d 126; State v. Smith (2000), 87 Ohio St.3d 424,436; 721 N.E.2d 93, 108; State v. Fears (1999), 86 Ohio St.3d 329,341, 715 N.E.2d 136, 149, reconsideration denied (1999), 87 Ohio St.3d 1421, 717 N.E.2d 1107.
In his brief, appellant argues that the evidence was not enough to sustain the element of force as contemplated in State v.Ballard (1984), 14 Ohio App.3d 59, 469 N.E.2d 1334. The core of his argument is that the initial force toward Cerveny was not enough to constitute a robbery and the State, knowing this, introduced evidence of the struggle with Slatkovsky, which occurred some distance from the robbery. He argues that underBallard, the theft and the force must occur simultaneously to sustain the force element of robbery. Furthermore, he argues because the sustained force toward Slatkovsky occurred away from the robbery, the prosecution may not use it to buttress its force element in this case. As we noted earlier, appellant conceded that the force element was sustained by Cerveny's testimony alone. Nevertheless, we will address the issue raised in the brief. In past decisions, this court has agreed with State v.Ballard and further explained State v. Ballard as including the concept of "single, continuous transaction." We have held that where a defendant struggles with store security guards outside a store immediately after a theft in an effort to escape apprehension, such conduct is part of a single continuous transaction and is sufficient to establish the force element of robbery. State v. Anderson (Jan. 31, 1985), Cuyahoga App. No. 48563, unreported. State v. Brooks (Apr. 27, 1989), Cuyahoga App. No. 55138, unreported, appeal dismissed (1989), 45 Ohio St.3d 702,543 N.E.2d 808.
Applying the "single continuous transaction" rule to this case, we conclude that appellant's use of force against Cerveny near the store and use of force against Slatkovsky, blocks from the store, constituted a "single continuous transaction." Appellant does not deny stealing over ninety containers of deodorant from the store. Cerveny and Slatkovsky testified that they observed appellant with the deodorant. Cerveny testified he grabbed appellant at the exit and appellant repeatedly struck Cerveny. Slatkovsky gave chase and pursued appellant until he was apprehended blocks from the store. Slatkovsky testified appellant struggled with him in an attempt to flee.
The robbery statute defines force as violence or compulsion and defines robbery as an act in which while attempting or committing a theft offense, or in fleeing immediately after * * * [a person] use[s] or threaten[s] the immediate use of force[.]* * *" R.C.2911.02. At the close of the State's and the defense's cases, the prosecution had presented sufficient evidence to present the case to the jury or to support a jury's verdict as a matter of law. Accordingly, appellant's first assigned error is overruled.
In his second assigned error, Dunning argues the trial court erroneously admitted testimony of other bad acts by Dunning in violation of Evid.R. 404(B). Under Evid.R. 404(B), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." The limitation on such evidence stems from the danger that a defendant will be convicted solely because of the jury's assumption that the defendant is inclined to commit crimes or that he should be punished whether or not he committed the crime for which he is charged. See State v. Napier (Dec. 30, 1999), Hamilton App. No. C-980999, unreported. (Citations omitted.)
However, in this case, Dunning testified in his own defense. Accordingly, his credibility was at issue and the state was free to question him about his prior crimes and bad acts as indicative of his character. State v. Mayes (Dec. 30, 1999), Madison App. No. CA99-01-002, unreported, citing Redman v. Watch Tower Bible Tract Soc. of Pennsylvania (1994), 69 Ohio St.3d 98, 100,630 N.E.2d 676, 677, rehearing denied (1994), 69 Ohio St.3d 1445,632 N.E.2d 913. See, also, Stokes v. Meimaris (1996), 111 Ohio App.3d 176,190, 675 N.E.2d 1289, 1298 ("A witness's character trait for truth and veracity is always relevant for the purpose of attacking the credibility of the witness.") Under Evid.R. 608(B), specific instances of the conduct of a witness may be "inquired into on cross-examination of the witness concerning the witness's character for truthfulness or untruthfulness."
When reviewing a trial court's evidentiary determinations, we must apply an abuse of discretion standard. State v. Napier (Dec. 30, 1999), Hamilton App. No. C-980999, unreported, citing Statev. Lowe (1994), 69 Ohio St.3d 527, 532, 634 N.E.2d 616, 620;State v. Graham (1979), 58 Ohio St.2d 350, 352, 390 N.E.2d 805,807. (Other citations omitted.) In this case, we conclude the trial court did not abuse its discretion by allowing the prosecutor to ask Dunning about his prior charged criminal activity, specifically breaking and entering, a theft offense. "Theft offenses are crimes of dishonesty within the meaning of Evid.R. 609(A)(3) and may be used to impeach the credibility of a witness." Mayes, citing State v. Tolliver (1986), 33 Ohio App.3d 110,113, 514 N.E.2d 922, 926; State v. Johnson (1983), 10 Ohio App.3d 14,16, 460 N.E.2d 625, 629. Dunning's second assigned error is overruled.
In his third assigned error, Dunning argues that prosecutorial misconduct denied him a fair trial. The test for prosecutorial misconduct is whether remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused.State v. Cornwell (1999), 86 Ohio St.3d 560, 570-571;715 N.E.2d 1144, 1154, citing State v. Smith (1984), 14 Ohio St.3d 13,14-15, 470 N.E.2d 883, 885. A reviewing court must analyze the "fairness of the trial, not the culpability of the prosecutor."Cornwell, citing Smith v. Phillips (1982), 455 U.S. 209, 219,102 S.Ct. 940, 947, 71 L.Ed.2d 78, 87. See also State v. Fears
(1999), 86 Ohio St.3d 329, 332, 715 N.E.2d 136, 143; State v.Phillips (1995), 74 Ohio St.3d 72, 90, 656 N.E.2d 643, 662, reconsideration denied (1995), 74 Ohio St.3d 1485,657 N.E.2d 1378.
Without making the required references to the record, Dunning claims that, during its summation, the prosecution improperly argued that the jury convict Dunning based upon his prior convictions, his unemployment, and the fact that he was charged with robbery. Because Dunning has failed to reference a page in the transcript, we are unable to determine the specific statement that is the basis of this assigned error. However, our review of the transcript reveals that Dunning did not object to anything in the state's summation and has therefore waived all but plain error consideration. See State v. McNeill (1998), 83 Ohio St.3d 438,447, 700 N.E.2d 596, 606, certiorari denied (1999), ___ U.S. ___ 119 S.Ct. 1792, 143 L.Ed.2d 1019; State v. Loza (1994),71 Ohio St.3d 61, 78, 641 N.E.2d 1082, 1102, certiorari denied (1995), 514 U.S. 1120, 115 S.Ct. 1983, 131 L.Ed.2d 871; State v.Thomas (Jan. 6, 2000), Cuyahoga App. No. 75361, unreported; Statev. Washington (Dec. 30, 1999), Cuyahoga App. No. 74850, unreported. See, also, State v. Smith (1997), 80 Ohio St.3d 89,112; 684 N.E.2d 668, 690, certiorari denied (1998),523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949.
Under the plain error standard, a conviction will be reversed only where an obvious error or defect in the trial clearly alters its outcome. See Crim.R. 52(B); State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph two of the syllabus. Our review of the record yields nothing that would amount to plain error. Consequently, Dunning's third assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J. PORTER. J., CONCUR.
 _____________________________ PATRICIA ANN BLACKMON, JUDGE.