JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Deon Brown ("defendant") appeals from the judgment of the trial court which, after a jury trial, found the defendant guilty of robbery. For the reasons set forth below, we affirm.
 {¶ 2} On December 5, 2001, the defendant was indicted on one count of robbery in violation of R.C. 2911.02 and one count of robbery in violation of R.C. 2913.02. The defendant pleaded not guilty to the charges and the matter proceeded to a jury trial on March 20, 2002.
 {¶ 3} Evidence presented revealed that on December 5, 2001, Brian Foley ("Foley") was on his way after school to get a bite to eat at the McDonald's where he worked on weekends. Foley testified that as he was walking home from McDonald's, the defendant called out to him. Because the sun was so bright and obstructing his view, he believed the defendant to be one of his classmates. Foley walked toward the defendant and was about a foot in front of him before he realized that he did not know the defendant. At that point, the defendant explained to Foley that he needed money to buy a bus ticket. Foley initially told the defendant no, but eventually reached into his pocket to give the defendant two dollars. He attempted to conceal from the defendant a ten dollar bill which he had folded inside of two one dollar bills. As Foley was pulling out a one-dollar bill to give to the defendant, the defendant allegedly grabbed Foley's wrist. Foley then made a fist and the defendant tried to pry his fingers apart. Foley testified that the defendant set down the shopping bag he was holding and stated to Foley, "I'll box you for the money." The defendant then made a movement toward his pants, and Foley believed he was reaching to pull a weapon out of his pants. Foley testified that he believed the defendant would harm him if he didn't hand over the money. Out of fear of the defendant, Foley gave him the money, at which point the defendant stated, "Thank you. You're forever my dude." Foley stated that the defendant turned around and began to approach somebody else. At some point at the end of the encounter, the defendant told Foley his name was Deon.
 {¶ 4} After the incident, Foley went to a nearby post office and called the police. The police responded to the scene and Foley accompanied the officer while he searched the area for the defendant. They did not find the defendant that day, so the officer drove Foley home.
 {¶ 5} Two days later, Foley saw the defendant again on his way to McDonald's. There, he talked to his manager and told her that he had been robbed on Wednesday. On his way home that same day, Foley saw the defendant again, returned to McDonald's and called the police. The police searched the area, but were unable to locate the defendant. On December 13th, Foley went to the police station, talked to a detective and made a statement to the police.
 {¶ 6} Cleveland Police detectives eventually ascertained the identity of the defendant after learning that he had applied for a job at the McDonald's where Foley worked. The detectives searched the police database and found that the defendant had been arrested on December 9th and was already in police custody on an unrelated charge.
 {¶ 7} At the conclusion of the state's evidence, the defendant moved for an acquittal pursuant to Crim.R. 29. The trial court denied the motion. The defendant rested without presenting evidence and the matter was submitted to the jury. The jury returned a verdict of guilty on both counts of robbery. It is from this ruling that the defendant now appeals, asserting three assignments of error for our review as follows:
 {¶ 8} "I. The trial court erred when it refused appellant's request for a jury instruction as to the lesser degree offense of "theft by threat" as set forth in Ohio Revised Code Section 2911.02(A)."
 {¶ 9} "II. The trial court erred when it denied appellant's motion for judgment of acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure."
 {¶ 10} We address together the first two assignments of error as they necessarily involve determining whether the evidence presented indicated that the defendant used force committing his theft offense, as defined in the robbery charge.
 {¶ 11} R.C. 2911.02 provides that "(A) no person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another; (3) Use or threaten the immediate use of force against another." In Ohio, the type of force envisioned by the legislature in enacting R.C. 2911.02 is "that which poses actual or potential harm to a person." State v. Furlow
(1992), 80 Ohio App.3d 146; State v. Carter (1985), 29 Ohio App.3d 148;State v. Ballard (1984), 14 Ohio App.3d 59.
 A. Improper Jury Instructions Standard {¶ 12} The defendant claims that the judge improperly excluded jury instructions on the lesser included offense. Specifically, he contends that the evidence in his case indicated that reasonable minds could conclude that the defendant employed a threat of a lesser degree than the use of immediate physical harm necessary to establish the element of robbery and therefore, that excluding jury instructions on the crime of theft by threat was improper. We disagree.
 {¶ 13} The Supreme Court of Ohio has stated:
 {¶ 14} "* * * merely because one offense can be a lesser included offense of another does not mean that a court must always instruct on both offenses where the greater offense is charged. However, such an instruction is required where the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense." State v. Davis (1983), 6 Ohio St.3d 91 (Internal quotation omitted.)
 B. Criminal Rule 29 Motion Standard {¶ 15} In his second assignment of error, the defendant essentially avers that the trial court's denial of the Crim.R. 29 motion was improper because the evidence was insufficient to sustain a conviction of robbery. Specifically, the defendant contends that the state failed to prove a necessary element of robbery, that the defendant threatened the immediate use of force against Foley.
 {¶ 16} Crim.R. 29 provides:
 {¶ 17} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 18} A Crim.R. 29 motion for judgment of acquittal is properly denied where the evidence is such that reasonable minds could reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Bridgeman (1978),55 Ohio St.2d 261, at the syllabus. In order to determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court views the evidence in a light most favorable to the prosecution. State v. Dennis (1997), 79 Ohio St.3d 421, 430; State v.Randazzo, 2002-Ohio-2250, Cuyahoga App. No. 79667.
 C. Analysis {¶ 19} In this case, the state's evidence demonstrated that the defendant forcefully grabbed Foley's wrist while prying his fingers apart to get to the larger bill which Foley did not want to give to him. Further, Foley testified that the defendant reached into his own pants, and Foley believed the defendant was reaching for a concealed weapon. At that point, Foley handed over the money under the threat of immediate harm. This was sufficient evidence to demonstrate that the defendant threatened the immediate use of force against Foley. We therefore find that the trial court's denial of jury instructions on the lesser included offense and the denial of the Crim.R. 29 motion were proper.
 {¶ 20} "III. Appellant's conviction for [robbery] was against the manifest weight of the evidence."
 {¶ 21} In his third and final assignment of error, the defendant contends that his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 22} In determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, citingTibbs v. Florida (1982), 457 U.S. 31. The court should consider whether the evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, fragmentary, whether a witness was impeached and whether a witness had an interest in testifying. State v. Mattison
(1985), 23 Ohio App.3d 10. The credibility of a witness is primarily an issue for the trier of fact, who observed the witness in person. Statev. Antill (1964), 176 Ohio St. 61; State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 23} In this case, the jury was faced with weighing the evidence presented. They evaluated the credibility of the prosecution's witnesses and determined that the defendant did threaten the immediate use of force against Foley in committing a theft offense against him. In light of the foregoing analysis, we cannot say that the jury lost its way and created such a manifest miscarriage of justice such that the conviction is against the manifest weight of the evidence. We therefore overrule this assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R.22(B), 22(D) and 26(A); Loc.App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).