[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Lachel Williams was charged with robbery, a third-degree felony, in violation of R.C. 2911.02(A)(3). After a trial to a jury, she was convicted. Williams now appeals her conviction. She raises two assignments of error, neither of which we find to be well taken.
 {¶ 3} On March 14, 2002, Williams was in the K-Mart store on Ridge Road in Cincinnati. Lisa Ohl, a security guard, began watching Williams after she observed Williams acting suspiciously while shopping. Ohl saw Williams ripping open packages, putting the items from the packages in her purse and pockets, and stuffing the empty packages behind displayed luggage. When Williams had finished shopping, she kept a few items in her cart and checked out.
 {¶ 4} As Williams left the store, Ohl approached her and asked her to come back into the store with her. Williams complied. When Ohl confronted Williams about the items in her purse and pockets, Williams said she needed something from her car and got up to leave the store. When Ohl grabbed Williams's arms to keep her from leaving the store, Williams jerked away. Williams then punched Ohl in the throat and swore at her. Williams ran out of the store to her car, throwing the stolen items as she ran. Williams got into her car. Ohl, who was right behind her, pulled the car door open and tried to pull Williams out of the car. Ohl had put out a call for help as she ran to Williams's car, and other employees had now come out to help her. It took four or five K-Mart employees to subdue Williams. When a deputy sheriff arrived, Williams was still struggling. The deputy sheriff handcuffed Williams and put her in his cruiser. The deputy sheriff then searched Williams's car. He found various K-Mart items inside William's car, as well as under it. A search of Williams's person at police headquarters revealed additional items that Williams had hidden in her pants.
 {¶ 5} In her first assignment of error, Williams maintains that the trial court abused its discretion in denying her a continuance on the day of trial to look for witnesses, and that her counsel was ineffective in not subpoenaing these witnesses for trial.
 {¶ 6} The record reveals that Williams's case originally had been set for trial on August 21, 2002, but was continued to October 7, 2002. As the jury was being brought to the courtroom on October 7, 2002, defense counsel told the trial court that Williams had just asked him to request a continuance because she wanted certain witnesses subpoenaed. The trial court asked Williams about her request. Williams stated that she did not have the full name or address of any of these witnesses. The assistant prosecuting attorney stated that she had the full name of one of the witnesses Williams wanted to subpoena, a woman whose car had been damaged in the parking lot during Williams's struggle with K-Mart employees. The trial court stated that this woman could be called as a witness, but that her testimony would seemingly be more helpful to the prosecution than to the defense. The trial court then denied Williams's request for a continuance.
 {¶ 7} The grant or denial of a continuance is committed to the sound discretion of the trial court; and an appellate court will not reverse such a decision unless there has been an abuse of that discretion.[1] A defendant must show that she was prejudiced by the denial of the continuance before there can be error.[2] We cannot say the trial court abused its discretion in this case by denying a continuance when the trial was ready to begin, it had been continued before, the defendant had no real information that could be used to contact witnesses, and their testimony would not have been helpful to the defense.
 {¶ 8} To prevail on a claim of ineffective assistance of counsel, it must be demonstrated that counsel's performance fell below an objective standard of reasonable representation and that the defendant was prejudiced by that performance.[3] Prejudice is demonstrated by showing that there is a reasonable probability that, but for * * * [the] alleged errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[4] Both elements must be demonstrated to prove ineffective assistance of counsel.[5]
 {¶ 9} Here, defense counsel was only told of the request to subpoena witnesses as the trial began. Defense counsel was given no full names or addresses of these potential witnesses. Even with a continuance, no witnesses could have been contacted. Furthermore, there was no proffer of any testimony of any witness that would have been beneficial to the defendant. Because there is nothing in the record to demonstrate that defense counsel did not provide reasonable assistance or that Williams was denied any opportunity to present her evidence, we overrule the first assignment of error.
 {¶ 10} In her second assignment of error, Williams contends the trial court erred by not granting her Crim.R. 29 motion for acquittal. She maintains that there was insufficient evidence to prove her guilty of the necessary elements of robbery beyond a reasonable doubt.[6] We disagree.
 {¶ 11} On the witness stand, Williams admitted stealing items from the store and struggling with Ohl, but she denied punching Ohl. Williams also admitted that she had prior convictions for theft, lying to a police officer, and resisting arrest. Williams contends, however, that because she went back into the store with Ohl, this act broke the chain between the theft and the subsequent use of force. Since the theft and the force were not continuous, she argues, she should have been found guilty of only theft and not robbery.
 {¶ 12} The robbery statute provides in pertinent part that after committing a theft offense and fleeing immediately thereafter an individual who uses force or threatens to use force shall be guilty of robbery.[7] Thus, to constitute robbery, the elements of theft and force must coincide sufficiently and be part of a single continuous transaction.[8] Ohio courts have consistently held that force used against a store manager or store security personnel to escape apprehension is part of one continuous transaction and constitutes robbery.[9] For example, in State v. Dunning[10] the Eighth Appellate District held that "where a defendant struggles with store security guards outside a store immediately after a theft in an effort to escape apprehension, such conduct is part of a single continuous transaction and is sufficient to establish the force element of robbery." (Emphasis added.)
 {¶ 13} In this case, Williams fought with Ohl both inside and outside the store in an attempt to escape apprehension immediately after she had committed a theft. Because we hold that the theft and the force in this case were part of a "single continuous transaction," we overrule the second assignment of error. We, therefore, affirm the judgment of the trial court.
 {¶ 14} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078.
[2] State v. McIntosh (2001), 145 Ohio App.3d 567, 578,763 N.E.2d 704.
[3] Strickland v. Washington (1984), 466 U.S. 668, 687-688,104 S.Ct. 2052.
[4] See id. at 694.
[5] See id. at 697.
[6] State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184.
[7] See R.C. 2911.02(A)(3).
[8] State v. Ballard (1984), 14 Ohio App.3d 59, 469 N.E.2d 1334.
[9] See, e.g., State v. Hughes, 8th Dist. No. 81768, 2003-Ohio-2307, at ¶ 23; State v. Nelson (May 9, 2001), 9th Dist. No. 3103-M.
[10] State v. Dunning (Mar. 23, 2000), 8th Dist. No. 75869.