[Cite as *State v. Griggs*, 2012-Ohio-1837.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97284**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# RAYALEN GRIGGS

DEFENDANT-APPELLANT

# JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547820

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** April 26, 2012

**ATTORNEY FOR APPELLANT**

Michael J. Manuszak
2905 Paxton Road
Shaker Heights, OH   44120


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Erica Barnhill
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Rayalen Griggs appeals his conviction in Cuyahoga County Common Pleas Court Case No. CR-547820 for one count of robbery in violation of R.C. 2911.02(A)(3). For the following reasons, we reverse his conviction and remand for further proceedings.

{¶2} On February 27, 2011, the victim, Jamille Jones, was at a downtown Cleveland bar with friends. While she was waiting in line inside the bar to order some food, Griggs approached Jones. Griggs and Jones were involved in a romantic relationship, but disputed whether Jones had broken off the relationship the week before. Jones was standing with a friend. Griggs walked up to Jones and put his arms around her, pulled her into an embrace, and, according to Jones, rubbed her backside. Jones claims she "forcibly" removed his hands and told Griggs to leave her alone. Griggs grabbed her again, "started rubbing up on" her, and held her tight enough that she was unable to back away.

{¶3} Griggs claimed that he did not understand why Jones was acting aloof, which stems from the dispute about whether the romantic relationship was ongoing. At this point, according to Griggs, Jones took out her cell phone and stepped out of the loud bar to place a call. Jones claims that the rest of the incident occurred inside the noisy bar. Either way, Jones called 911 to report Griggs's advances as harassment. While on

the phone with the emergency responders, Jones told Griggs that she was calling to have him arrested. Both parties agree that at this point, Griggs "snatched" the phone from Jones's hand and walked away. Jones claims that as he walked away, Griggs said she would have to buy a new phone. It is also undisputed that Griggs immediately left the bar and returned the cell phone to Jones's front porch sometime during the middle of the night. After all this, Griggs was pulled over while driving near Jones's residence and arrested.

{¶4} The state charged Griggs with gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(1), a fourth-degree felony, and one count of robbery in violation of R.C. 2911.02(A)(3), a third-degree felony. The trial court denied Griggs's Crim.R. 29 motions for acquittal made at the close of the state's and the defense's cases. After a bench trial, Griggs was acquitted of the GSI but found guilty of robbery, a third-degree felony. The trial court sentenced Griggs to time served and one year of community control sanctions. Griggs appealed, raising one assignment of error that challenged the sufficiency and manifest weight of the evidence for the robbery conviction. Griggs's sole assignment of error has merit.

{¶5} When an appellate court reviews a claim of insufficient evidence,

"the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37.

{¶6} Griggs challenges his conviction for robbery pursuant to R.C. 2911.02(A)(3). In order to substantiate the robbery claim, the state must demonstrate beyond a reasonable doubt that Griggs "in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." R.C. 2911.02(A)(3). Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). The force element can be satisfied "if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed." *State v. Davis*, 6 Ohio St.3d 91, 451 N.E.2d 772 (1983), paragraph one of the syllabus.

{¶7} The parties agreed to the foregoing standard. The parties disagree as to the application of that standard to the facts of this case. In this case, the state argues that the force necessary to remove the phone from Jones's hand or the force used in holding Jones before she dialed 911 was sufficient to satisfy the force element of robbery. We disagree with the state's argument. Jones never testified to being in fear of Griggs during their brief five-minute encounter at the bar. The state was limited to

demonstrating the force element of robbery through actual force. At trial, the state primarily relied on so-called purse-snatching cases to establish the force element.

{¶8} In the purse-snatching context, in determining whether the force element was satisfied, trial courts can consider the size and demeanor of the offender, the likelihood of physical injury from the offender's conduct, and the vulnerability of the victim. *In re Bobby Joe Lee*, 5th Dist. No. 98-CA-0250, 1999 WL 174860, (Mar. 1, 1999). In *Lee*, the offender accosted a 75-year-old woman in a parking lot and forcibly pulled the victim's purse away, causing injury to the victim's shoulder and finger. *Id.* at *1. The offender was 15 years old, 6 feet 1 inch tall, and weighed 142 pounds. *Id.* Most important, the victim testified that had she not let go of the purse, she would have fallen to the ground. *Id.* With these facts, the force element of robbery was satisfied.

{¶9} This district, following the above rationale, has limited force to situations involving actual or potential harm to the victim. *State v. Eskridge*, 8th Dist. No. 82619, 2003-Ohio-6869, ¶ 23; *see also* Staff Notes to R.C. 2911.02 (explaining that the difference between theft and robbery is an element of actual or potential harm to persons). In *Eskridge*, the defendant ordered coffee from a family restaurant and when the clerk opened the register, the defendant reached in and grabbed $50. The clerk testified that the defendant pushed her back and attempted to grab more money. *Eskridge* at ¶ 5-6. On cross-examination, the clerk stated that the defendant pushed her back one-half inch. *Id*. at ¶ 7. This court concluded that such conduct was insufficient to satisfy the force element because the force posed no danger of physically harming the victim. *Id*. at ¶ 28;

*contra State v. Foster*, 8th Dist. No. 90109, 2008-Ohio-2933 (holding that the physical tussle between the victim and the defendant, which occurred after the theft was completed, satisfied the force element for robbery); *State v. Davis*, 8th Dist. No. 91943, 2009-Ohio-3894, ¶ 44 (holding that pushing a store employee, from the storefront curb, backward into a busy parking lot satisfied the force element).

{¶10} In this case, Jones never testified to fearing Griggs during their brief encounter nor to being in any physical danger when Griggs took the cell phone from her hand. The fact that Jones was holding the cell phone in her hand when Griggs acted does not constitute the type of force that elevates a theft to robbery. *Eskridge* at ¶ 28; *State v. Furlow*, 80 Ohio App.3d 146, 608 N.E.2d 1112 (2d Dist.1992) (holding the force needed to remove a wallet from the victim's hand was insufficient to satisfy the force element of robbery).

{¶11} The state additionally argues that the force element can be satisfied by Griggs's conduct prior to the taking of the cell phone; however, there is no evidence that Griggs sought to steal Jones's phone when he first approached her. The force needed to take the phone and that done to allegedly commit the GSI were separate. This court has consistently maintained that

"[u]nder R.C. 2911.02, the elements of robbery must occur simultaneously in order for the offense to occur. Therefore, the state must prove that the accused's intent to deprive the owner of the property, as well as the actual taking (elements of the theft offense), coincided in point of

time with the force or threat of force used in committing the theft offense, or in fleeing thereafter." *State v. Martin*, 8th Dist. No. 89792, 2008-Ohio-1827, ¶ 21, quoting *State v. Ballard*, 14 Ohio App.3d 59, 60-61, 469 N.E.2d 1334 (8th Dist.1984).

{¶12} In *Ballard*, the defendant approached his ex-girlfriend outside her home to talk. *Ballard* at 59. The ex-girlfriend demurred and turned to walk inside the house. *Id.* The defendant grabbed her purse from her shoulder in an effort to keep her outside. *Id.* When the ex-girlfriend further refused to speak, the defendant returned the purse, but not before noticing a firearm inside. *Id.* The defendant relieved her of the gun and returned the purse. *Id.* The defendant was charged with robbery. *Id.* This court held that not only is it doubtful that the grabbing of the purse constituted the sufficient force to satisfy the robbery statute, but also, any such force was applied prior to the taking of the firearm. *Id.* at 61. Therefore, the force used to take the purse did not coincide with the theft and the robbery conviction was against the sufficiency of the evidence. *Id.*

{¶13} The current appeal raises a similar issue, and we must adhere to the *Ballard* precedent. The force used in grabbing and holding Jones occurred prior to the theft being committed. The state's reliance on such evidence is insufficient to satisfy the force element of robbery; the force needed to hold Jones did not coincide with the taking of the cell phone. The evidence presented at trial, therefore, was insufficient to satisfy all elements of the robbery count beyond a reasonable doubt, based on a thorough review of the record.

**{¶14}** Griggs's sole assignment of error is sustained.

**{¶15}** Judgment reversed, and this cause is remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., CONCURS;
FRANK D. CELEBREZZE, JR., J., DISSENTS