THE STATE OF OHIO, APPELLEE, *v.* COHEN, APPELLANT.

[Cite as State v. Cohen (1978), 60 Ohio App. 2d. 182.]

(No. C-77773—Decided September 20, 1978.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. William E. Breyer,* for appellee.

*Mr. Steven C. Shane,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, the transcript of the proceedings, and the briefs and the arguments of counsel.

Now, therefore, the assignment of error having been fully considered is accordingly passed upon in conformity with App. R. 12 (A).

In the early morning hours of July 26, 1977, the appellant and an unidentified companion were observed by a Cincinnati police officer as they approached a man who had fallen asleep on the steps of the Hamilton County Courthouse. The officer watched as the appellant, with the assistance of his companion, rolled the sleeping man onto his stomach, taking his watch and wallet in the process. The officer gave chase and ultimately apprehended the appellant, recovering the stolen articles from his person. It is uncontroverted that the victim

of the theft remained asleep throughout the entire incident, and was thus unaware that he was missing the stolen items until they were returned to him by police.

The appellant was thereafter charged with a single count of robbery, under R. C. 2911.02. Prior to trial, the appellant withdrew his original plea of not guilty and entered a plea of no contest to the charge. Following a hearing wherein the above stated facts were recited to the trial court, the appellant was found guilty as charged, and was sentenced as appears of record. The appellant timely filed this appeal, asserting in his single assignment of error that the trial court erred in refusing to reduce the charge from robbery to theft in the proceedings below.

The appellant contends that the prosecutor's uncontroverted statement of facts at the hearing below negatives the existence of an essential element of the offense of robbery, *viz.*, that the appellant, in committing the theft offense in question, "use[d] or threaten[ed] the immediate use of force against another." R. C. 2911.02 (A). We agree. The mere rearrangement of a sleeping victim's unresisting body to facilitate the commission of a theft offense does not, in our opinion, constitute any "violence, compulsion or constraint***exerted***against a person" as those terms are used to define "force" in R. C. 2901.01 (A), and does not pose the increased threat of actual or potential harm to the theft victim which the robbery statute was designed to discourage. The factual statement recited by the prosecutor to the court below, while sufficient to support a charge of theft, was clearly insufficient to support the appellant's conviction of the charged offense of robbery.

The state, however, argues that this deficiency in the statement of facts is of no effect since, under the provisions of Crim. R. 11 (B) (2),[1] the appellant's plea of no contest to the charge of robbery constituted an admission of the truth of the facts alleged in the instant indictment, including the allegation therein that the appellant had used or threatened the immediate use of force against the victim of the theft.

---

[1]Crim. R. 11 (B) (2) provides, in part:

"The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment***

This court has held on several occasions that, as a consequence of Crim R. 11 (B) (2), a defendant's conviction of the offense charged in the indictment is proper where the prosecutor, through inadvertence or otherwise, *omits* the factual fundament for an essential element of the offense from his oral description of the events and circumstances surrounding the charge, or where such recital is controverted by the appellant's own version of the facts. *State* v. *Williams,* unreported, First Appellate District, No. C-77148, decided December 14, 1977; *State* v. *Moseley,* unreported, First Appellate District, No. C-76715, decided October 26, 1977; *State* v. *Kent,* unreported, First Appellate District No. C-76314, decided May 18, 1977.

Those cases, however, must be distinguished from the situation presented to us in the instant case, wherein the uncontroverted statement of facts recited to the court below not only failed to include, but *absolutely negatived the existence of,* an essential element of the offense charged in the indictment.

It is one thing to rely on Crim. R. 11 (B) (2) to supply the fundament for the correction of an inadvertent omission in the statement of facts or even to furnish the dispositive weight where facts are in some dispute, but it is quite another to use it, as the state would have it, to paper over an obvious, unarguable, and dispositive deficiency in the state's case against the defendant. We take it that no one would argue that Crim. R. 11 (B) (2) would sustain the trial court in accepting and proceeding to sentence under the indicted charge on a no contest plea to murder or manslaughter where the state's statement of facts conceded that the victim still lived. This would indeed be the elevation of shadow over substance; yet, in less dramatic form, it is the case at hand.

Under the circumstances of this case, which we trust presents something of an anomolous situation, we think the better practice would have been for the trial court to have refused to accept the no contest plea, as it may under Crim. R. 11 (C) (2), and to have instructed the defendant to enter a plea of not guilty, or to have entered such plea itself under Crim. R. 11 (A) and (G).[2] The state would then be required to

[2]It is suggested that a practice has arisen of following the procedure illustrated by the instant case in the expectation that the trial court will accept the no contest

elect whether to proceed to trial on a charge its evidence could not or might not sustain, or to proceed to a new indictment on a charge more in keeping with its anticipated evidence.

In any event, it is clear to us that the trial court erred in proceeding to sentence on the indicted charge under the no contest plea where the case against the defendant was incontestably deficient in the absence of a material element of the offense charged. We therefore reverse the judgment appealed from, set aside the no contest plea, and remand the cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PALMER, P. J., SHANNON and CASTLE, J J., concur.

---

plea and then reduce the charge made by the indictment to whatever lesser offense may be sustained by the statement of facts. See *State* v. *Williams, supra,* at 3, note 1. Any such procedure seems to us to have several inherent problems. One is illustrated by the instant case, where the trial court did *not* reduce the charge to simple theft, but proceeded to sentence on the indicted charge. Another potential problem could arise if the defendant subsequently insists that he did not understand (and that his counsel rendered him ineffective assistance in understanding) the nature of his plea or the deficiencies in the case against him under the indicted charge. The arguable advantages of the procedure to the state do not seem to us worth the risk.