THE STATE OF OHIO, APPELLEE, *v.* CARTER, APPELLANT.

(No. 3858 — Decided November 6, 1985.)

*Gregory A. White,* prosecuting attorney, and *Jonathan E. Rosenbaum,* for appellee.

*William J. Balena,* for appellant.

GEORGE, P.J. Defendant-appellant David L. Carter appeals his conviction for robbery pursuant to R.C. 2911.02. This court affirms that conviction.

The victim, an elderly woman, was walking from her parked car to a supermarket when she noticed Carter running toward her. The victim testified:

"* * * and I just stood and turned my head to look at the car; and when I turned around again, I saw this man coming toward me; and he was very fast, just very fast.

"* * * then, he came up to me; and he pulled my shoulder strap down.

"I had my purse here, and then pulled my right hand off of my left hand here where I had—was holding the bottom part of my purse."

Carter's testimony conflicted with that of the victim. He claimed the purse did not have any straps and that he merely grabbed it while she was looking through it. The purse was not introduced into evidence. Carter was tried to a court without a jury and convicted of robbery.

## Assignment of Error

"The trial court erred in sustaining defendant's conviction for robbery absent proof of the use of force or threat of its immediate use."

The sole issue presented here is whether Carter's actions were sufficient to constitute actual or threatened force under the robbery statute. R.C. 2911.02(A) reads:

"No person, in attempting or committing a theft offense * * * or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another."

The statute clearly provides that either the actual use of force on the victim or the threat to use such force may be the basis for a robbery conviction. Carter did both.

Actual "force" is defined in R.C. 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."

The trial court here, as the trier of fact, found that "there has been sufficient evidence from the victim to indicate that force was used, the touching of the body. * * * Actually the arm was removed from the purse." While Carter admits he touched the victim when he removed the purse from her hands, he argues that touching does not constitute force under *State* v. *Cohen* (1978), 60 Ohio App. 2d 182 [14 O.O.3d 142]. Carter misconstrues *Cohen.*

The victim in *Cohen* was asleep when the defendant rolled him over to remove his wallet. The victim never woke up. The *Cohen* court reasoned that the defendant's actions did not constitute potential harm to the victim because he was asleep. The mere rearrangement of his unresisting body did not rise to the "violence, compulsion, or constraint" enunciated in R.C. 2901.01(A).

The *Cohen* court found no threat of actual or potential harm had been created in rolling the victim over because he was unaware of what was happening to him. *State* v. *Cohen, supra,* at 183. Certainly, that was not the case here. The victim saw her assailant approaching. She felt the purse being jerked from her hands. She was fully cognizant of what was happening.

The type of force envisioned by the legislature in enacting R.C. 2911.02 is that which poses actual or potential harm to a person. Committee Comment, R.C. 2911.02; *State* v. *Ballard* (1984), 14 Ohio App. 3d 59. The victim here was not actually harmed. But the potential for serious physical injury was certainly present. The woman was eighty-five

years old. A fall at that age often results in a broken hip or other broken bones. She could have been seriously injured, perhaps even permanently disabled.

It has been held that the act of bumping an elderly victim in order to distract her attention while another person removed her wallet from her purse comprises force under the robbery statute. *State* v. *Grant* (Oct. 22, 1981), Cuyahoga App. No. 43027, unreported. The defendant in that case, upon appeal, also relied on *Cohen,* but the court rejected his argument:

"We do not find the *Cohen* reasoning persuasive. Bumping into an individual creates potential harm to the individual. Further, a bump is an act of violence within the meaning of R.C. 2901.01(A), even though only mildly violent, as the statute does not require a high degree of violence."

Carter contends the touching here was only incidental to the snatching and that the mere act of snatching a purse, without more, is not sufficient force for a robbery conviction. He argues that there must be a struggle or some act to overcome the resistance of the victim to constitute force under the statute. He suggests that the encounter here was so swift that there was no resistance and thus no force.

While a showing of resistance by the victim to support the requisite force element in a robbery conviction is required in a number of jurisdictions (see, *e.g., People* v. *Patton* [1978], 60 Ill. App. 3d 456, 376 N.E. 2d 1099, affirmed [1979], 76 Ill. 2d 45, 389 N.E. 2d 1174), it is unnecessary here to determine whether or not such is the law in Ohio. This court finds resistance under the facts of this case.

There are ways in which a person can resist without actually putting up a fight. In a case in another jurisdiction involving a similar fact pattern, the defendant contended the force used in ripping a shoulder strap bag off the victim's

shoulder was the minimum required to obtain possession and not sufficient to elevate the crime to robbery. *Raiford* v. *State* (1982), 52 Md. App. 163, 447 A. 2d 496, reversed on other grounds (1983), 296 Md. 289, 462 A. 2d 1192. The court responded to defendant's "lack of resistance" argument by stating:

"Resistance * * * need not emanate entirely from the victim. Rather, 'where the article stolen is so attached to the person or clothing of the victim that resistance is offered to the taking solely by reason of such attachment,' then the act of merely snatching property from another is considered robbery as well." *Raiford, supra,* at 169. (Citation omitted.)

In the instant case, the victim testified that she had a firm grasp of her purse, with the strap over her shoulder, when Carter pulled it from her. In addition to the resistance offered by her firm hold on the purse, there was resistance in the fact that the purse was attached to her person by the shoulder strap. It is not necessary for the victim to put her life in jeopardy before a court may determine the requisite force was present in the crime.

The victim here was especially vulnerable because of her age. The act of grabbing the purse, whether it was attached to her person by a strap or not, could reasonably be expected to result in injury. She could have been thrown off balance. She could have been dragged to the ground. Given her vulnerability, the force applied, however minuscule, was within the contemplation of the statute. Carter's acts, then, in grabbing the victim's purse constituted the actual use of force.

In addition to constituting actual force, Carter's actions and demeanor here were also such as to support a finding of the threat of force under R.C. 2911.02(A). In construing this statute, the Ohio Supreme Court found the requirement of use or threat of force satisfied "* * * if the fear of the alleged

victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed." *State* v. *Davis* (1983), 6 Ohio St. 3d 91, 94.

In that case, the court found the defendant's behavior in holding his hand under his shirt as if he had a weapon belied his verbal assurances to the store clerk that he was not going to hurt her. The Supreme Court reversed the appellate court's finding that the words were not a threat to use immediate force with the comment:

"* * * This interpretation misconstrues the nature of the standard set forth in the robbery statute and overlooks the role of the appellee's demeanor in presenting the threat of immediate force." *State* v. *Davis, supra,* at 93.

So, in the instant case, threat of force may be found in Carter's demeanor. The victim testified that she saw him coming toward her. She described him as "very athletic looking." His behavior and demeanor certainly suggested he was willing to use whatever force was necessary to accomplish his goal. Under the circumstances, with physical injury a very real possibility, the victim could be expected to react in such fear as would suspend her power to exercise her will. Consequently, this court finds the record here demonstrates not only the actual use of force, but a threat of the immediate use of force.

The assignment of error is overruled and the conviction is affirmed.

*Judgment affirmed.*

MAHONEY and QUILLIN, JJ., concur.