The STATE of Ohio, Appellee,

v.

JOHNSON, Appellant.

[Cite as *State v. Johnson* (1988), 61 Ohio App.3d 203.]

Court of Appeals of Ohio,
Summit County.

No. 13579.

Decided Nov. 30, 1988.

*Marc R. Wolff,* assistant prosecuting attorney, for appellee.

*Saundra J. Robinson,* for appellant.

Mahoney, Judge.

Appellant, Andrew Johnson, appeals from his conviction in the Summit County Court of Common Pleas of complicity to commit robbery in violation of R.C. 2911.02 and 2923.03. We affirm.

## Facts

Evidence was adduced at trial whereby the jury could reasonably find the following. On December 19, 1987, Helen Harpley was standing in front of her home talking with neighbors. An unidentified man came up to Harpley and asked for directions. As Harpley was pointing out the directions, the man took Harpley's purse from her arm and fled to a waiting getaway car. Johnson was the driver of the getaway car.

## Assignment of Error I

"The trial court erred in that part of its jury instruction whereby the definition of force was given."

In giving the jury its instructions, the trial court instructed the jury as to the elements of robbery. The crime of robbery includes the element of force. The trial court instructed the jury that:

" * * * Force or threat of force means any violence, compulsion or constraint physically exerted or used or threatened to be used by any means upon or against a person or thing. Proof of fear or apprehension on the part of the victim is not required. * * *"

Johnson does not object to this part of the jury instruction but rather objects to the trial court's additional instruction on force. The trial court instructed further:

" * * * When I tell you that force means any violence, compulsion, or constraint physically exerted upon a person or against a thing, in this case that means such force was used as to dispossess the victim of her purse as opposed to her voluntarily relinquishing its possession. * * *"

Johnson argues that the import of this additional instruction is that it removes the question of whether force was used from the jury's consideration. Further, Johnson argues that the additional instruction makes every purse removal from the possession of a person, a robbery.

Johnson's argument is not well-taken. Such an interpretation of the instruction takes it out of the context in which it was given. The charge must be read as a whole. At that point the court was instructing the jury in the elements of the crime of robbery which they must find. He had just concluded defining "robbery" as follows:

" * * * Well, the offense of robbery is knowingly obtaining the property of another person without that person's consent for the purpose of depriving the owner of that property. And that you do either by the use of force or by the threat of force. * * * "

The judge then proceeded with the definition of "force" quoted above. After defining "knowingly," he continued by saying:

" * * * Now, those are the elements of the complicity to commit the crime of robbery. * * * "

He continued by saying:

" * * * If you find the State has proved all of the essential elements then of the crime of complicity to commit robbery then your verdict should be guilty. * * * "

The facts of the robbery were undisputed. The defendants' case only raised the issue of alibi. When taken as a whole, the jury could only conclude that the judge was instructing them that if they found that enough force was physically exerted upon her arm so as to remove the purse from her involuntarily, then that was sufficient force for that element of robbery.

Thus, we believe that the instruction did not mandate that the jury find that force was used. Rather, the jury was instructed that the force at issue was the force which was used to dispossess Harpley of her purse. *State v. Moore* (June 18, 1980), Summit App. No. 9505, unreported. (Compare "effort physically exerted" in *State v. Lane* [1976], 50 Ohio App.2d 41, 4 O.O.3d 24, 361 N.E.2d 535). Although the jury instruction would not be appropriate in all purse snatching situations, we find that the jury instruction was appropriate under the facts of this case. See *State v. Cohen* (1978), 60 Ohio App.2d 182, 14 O.O.3d 142, 396 N.E.2d 235.

Furthermore, assuming *arguendo* that the trial court erred in giving the jury instruction, any such error was harmless beyond a reasonable doubt. *State v. Lytle* (1976), 48 Ohio St.2d 391, 403, 2 O.O.3d 495, 502, 358 N.E.2d 623, 630–631, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154. Upon review of the record, we find that the evidence is overwhelming that the attacker used force to dispossess Harpley of her purse. See *State v. Carter* (1985), 29 Ohio App.3d 148, 29 OBR 165, 504 N.E.2d 469.

Accordingly, Johnson's first assignment of error is overruled.

### Assignment of Error II

"The trial court erred in allowing the prosecutor to impeach a defense witness in violation of Evidence Rule 60(B)(A) and (B)."

Evidentiary rulings are exercised within the broad discretion of the trial court and will be reversed only upon an abuse of discretion. *State v. Graham* (1979), 58 Ohio St.2d 350, 352, 12 O.O.3d 317, 318, 390 N.E.2d 805, 807. In the instant case, the prosecution was cross-examining Johnson's alibi witnesses. Although the trial court gave the prosecution some latitude in questioning the alibi witnesses, the trial court sustained Johnson's objections before any violation of Evid.R. 608(A) or (B) occurred.

Accordingly, Johnson's second assignment of error is overruled.

### Summary

Johnson's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, J., concurs.

BAIRD, P.J., concurs in judgment only.