**Columbus v. Gullett**
*[Cite as 5 AOA 270]*

*Case No. 90AP-2*

*Franklin County, (10th)*
*Decided July 12, 1990*

Ronald J. O'Brien, City Attorney, James J. Fais, City Prosecutor, and Thomas K. Lindsey, for Appellee.

Roger Warner, Tataru, Wallace & Warner, for Apellant.

BROWN, J.

Defendant appeals a judgment of the municipal court finding her guilty of endangering children entered upon defendant's plea of no contest. The no contest plea followed the overruling of defendant's motion to suppress evidence observed during the course of a warrantless search.

The Columbus police were dispatched at approximately 3:00 p.m., on July 5, 1989, to a north Columbus residence to investigate a complaint that a young child was caring for other children in the house. The complaining party indicated that the children were "foul-mouthed" and poorly cared for.

Upon their arrival, the police officers observed a three-year old child riding a Big Wheel on the sidewalk in front of the house along a street which was heavily travelled. No one appeared to be supervising the child. As the officers approached the child, two other children appeared from defendant's house. One of the children was defendant's thirteen-year old daughter, carrying her two-year old sister who wore only a towel over her shoulders. Another child, eight-years old, was subsequently observed.

All of the children were unbathed, filthy and their hair gnarled. The officers also observed trash, furniture and toys littered throughout the front yard. Upon inquiry, the oldest daughter indicated that she was caring for the children and did not know the location of defendant.

When the oldest daughter went into the house to locate her mother by telephone, the officers followed her inside without permission. Once inside, the officers observed that the interior was very filthy with open containers of trash scattered about and flies and roaches abundant. Based upon these unsanitary conditions, the officers determined that the children were in need of proper care and removed the children from the home.

Subsequently, on July 6, 1989, one of the officers filed a complaint against defendant alleging that she was endangering her children in violation of Columbus City Code Section 2321.05(A), a first degree misdemeanor. The complaint specified that defendant created a substantial risk to the health and safety of her children based upon the unsanitary conditions inside the home, the appearance of the children and the fact that the three-year old was allowed to ride a Big Wheel on the sidewalk unsupervised.

Following the filing of the motion to suppress by defendant, a hearing was held on the motion on October 6, 1989. The trial court concluded that although the police entered defendant's house without either a warrant or consent, the entry was nevertheless justified because exigent circumstances were present. Specifically, the municipal court concluded that because children were involved and based upon what the officers observed from outside the home, an entry was justified to determine whether other children were present, whether the children should be left alone, and whether the mother could be located.

Following the overruling of her motion to suppress, defendant entered a plea of no contest to the charge. The parties stipulated as evidence the testimony adduced during the suppression hearing. Based upon that evidence, the trial court found defendant guilty of endangering her children and imposed a one hundred eighty-day sentence, of which one hundred thirty-five days were suspended. The trial court also imposed a three-year conditional probation.

Defendant now appeals and sets forth the following two assignments of error:

"1. The trial court erred in not suppressing the observations and any other evidence obtained by police officers from the appellant's home through a warrant less entry absent exigent circumstances.

"2. The trial court erred in finding a violation of Columbus City Code Section 2321.05 when there was insufficient evidence to prove beyond a reasonable doubt either the element of recklessness or creating a substantial risk to the health and safety to children."

Under her first assignment of error, defendant contends that the trial court erroneously failed to suppress the evidence obtained by the police officers from the interior of defendant's home since the warrantless entry violated the Fourth Amendment to the United States Constitution. Specifically, it is defendant's position that the nonconsensual search in this case was presumptively unreasonable under the Fourth Amendment since the trial court found that there was sufficient time to secure the house and to obtain a warrant. In response, the city maintains that the search was constitutional, despite the lack of either a warrant or consent, because exigent circumstances justified the warrant less entry. It is the city's position that where unsanitary conditions and lack of supervision jeopardize a child's health and safety, a police officer is justified in entering a home to protect the health and safety of the children.

Even if it is conceded that a nonconsensual, warrantless search of a private home is justified where the conditions of that home are such as to present an immediate threat to the health and safety of young children, the question presented in this case is whether the circumstances observed by the officers before entering defendant's home were of such a nature as to justify departure from the express requirements of the Fourth Amendment. For the reasons which follow, this court concludes that exigent circumstances did not exist and the subsequent search was, therefore, unconstitutional.

The Fourth Amendment protects against unreasonable government intrusions into areas where legitimate expectations of privacy exist. *United States v. Chadwick* (1977), 433 U.S. 1, 7. It is in one's home where the expectation of privacy is the greatest, finding its roots in the words of the Fourth Amendment itself. *Payton v. New York* (1980), 445 U.S. 573, 589-590. When the home is to be searched, the warrant require-

ment embodied in the Fourth Amendment constitutes the most compelling protection against unreasonable governmental intrusions. *Welsh v. Wisconsin* (1984), 466 U.S. 740, 748-749, (citing *Johnson v. United States* (1948), 333 U.S. 10, 13-14). Absent exigent circumstances, searches conducted without a warrant are *per se* unreasonable. *Mincey v. Arizona* (1978), 437 U.S. 385, 390 (citing cases). A warrantless entry into one's dwelling by the police can be justified under the Fourth Amendment only if there is a compelling need for official action with no time to secure a warrant. *Michigan v. Tyler* (1978), 436 U.S. 499, 509. The Supreme Court has left to the states the development of those circumstances which are so exigent as to permit deviation from the warrant requirement. Cf. *Welsh, supra,* at 749-750. See, also, *Minnesota v. Olson* (1990), 109 L.Ed.2d 85. An important factor to be assessed is the nature and gravity of the underlying offense. *Welsh, supra,* at 749-753.

Here, the evidence adduced at the suppression hearing indicates that the officers observed an unsupervised three-year old riding a Big Wheel on the sidewalk adjacent to a well-travelled city street, that three of defendant's younger children were being watched by her thirteen-year old daughter, that the children were filthy and poorly dressed, and that the yard surrounding defendant's home was filled with trash, toys and alike. While these factors may warrant further investigation to assess the level of care afforded her children by defendant, there is no indication that the childrens' health or safety was in immediate jeopardy. There is no evidence to suggest that a warrant could not be obtained or that the condition of the home would materially change while awaiting a warrant. Finally, it should be noted that the offense with which defendant was charged is a first-degree misdemeanor and involves circumstances unrelated to physical abuse or neglect. Columbus City Code Section 2321.05(C). In light of these factors, no exigent circumstances existed. Accordingly, the results of the search conducted in this case were inadmissible. Defendant's first assignment of error is sustained.

Under the second assignment of error, defendant contends that the evidence adduced at the suppression hearing and the evidence stipulated to by the parties as the facts underlying the offense to which defendant plead no contest, were insufficient to support a conviction under Columbus City Code Section 2321.05(A). It is defendant's position that this evidence does not

support a finding that the conditions of her home created a substantial risk to the health or safety of her children. Because the term "substantial risk" is defined by Columbus City Code Section 2301.14(G) as meaning a strong possibility that a certain result may occur, defendant concludes that nothing was presented to the trial court to substantiate a finding that the health or safety of her children was at risk.

A plea of no contest allows the trial court to enter a finding of guilty to the charged offense following an explanation of the circumstances by the city. R.C. 2937.07. Such a plea constitutes an admission of the facts alleged in the complaint. Crim. R. 11(B)(2). On appeal, the focus is whether the facts recited are sufficient to support a conviction of the charged offense. See *Cleveland v. Technisort, Inc.* (1985), 20 Ohio App. 3d 139, 143, and *State v. Cohen* (1978), 60 Ohio App. 2d 182, 183-185. A plea of no contest relieves the state of its burden to prove each element of the charged offense beyond a reasonable doubt. *State v. Stow Veterans Assn.* (1987), 35 Ohio App. 3d 45, and *State v. Pernell* (1976), 47 Ohio App. 2d 261.

In this case, the facts recited in the indictment and those stipulated to by the parties are sufficient to support a conviction for endangering children under Columbus City Code Section 2321.05(A). The facts as alleged do not negate the element that the conditions in defendant's home created a substantial risk of harm to her minor children. *Stow Veterans Assn., supra.* The city was not required to prove beyond a reasonable doubt that the conditions created a substantial risk of harm. See, e.g., *State v. Gilham* (1988), 48 Ohio App. 3d 293, 295-296. Accordingly, defendant's second assignment of error is overruled.

Having sustained the first assignment of error and overruled the second assignment of error, the judgment of the municipal court is reversed. This cause remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

BOWMAN and YOUNG, JJ., concur.

BROWN, J., of the Wayne County Common Pleas Court, sitting by assignment in the Tenth Appellate District.