OPINION
On October 11, 1996, Jessica Patterson, a six-year-old girl, was playing with Smokey, a neighbor's gray kitten. Jessica was holding the kitten in her arms, when appellant Jeremy Kinser and his ten-year-old nephew grabbed the kitten from her arms and ran away with the kitten.
Jessica and J.J. Curtice, an eight-year-old neighborhood boy, ran into the cat's owner's house, telling her that two boys took the cat and ran. The owner of the cat and her nine-year-old son later found Smokey's bloody, beaten body in a neighbor's garage. Appellant admitted to her that he had taken the kitten. Appellant was charged with Delinquency by Reason of Robbery and Injuring Animals. The case proceeded to hearing before a Magistrate in the Stark County Common Pleas Court, Juvenile Division. The Magistrate found appellant Delinquent by Reason of Robbery and Complicity to Injuring Animals.
Appellant filed an objection to the decision of the Magistrate. The court overruled his objection concerning the sufficiency of the evidence to support the finding of Delinquency by Reason of Robbery, and sustained the objection in relation to the admission of hearsay statements of appellant's nephew. However, the court adopted the Findings of Delinquency and the recommendation that appellant be indefinitely committed to the Department of Youth Services, for a minimum period of one year.
Appellant assigns one error on appeal:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT'S FINDING OF DELINQUENCY BY REASON OF ROBBERY BE REVERSED BECAUSE THE EVIDENCE PRODUCED AT TRIAL WAS LEGALLY INSUFFICIENT TO PROVE ALL OF THE ELEMENTS OF ROBBERY BEYOND A REASONABLE DOUBT.
Our function when reviewing the sufficiency of the evidence to support a conviction is to determine whether the evidence admitted at trial, if believed by the trier of fact, would convince the average mind that the defendant was guilty beyond a reasonable doubt, viewing the evidence in a light most favorable to the prosecution. State vs. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Appellant was found Delinquent by Reason of Robbery, as defined by R.C. 2911.02(A)(3):
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 (3) Use or threaten the immediate use of force against another.
Appellant argues that there was insufficient evidence to prove that he used force in taking the kitten from Jessica. Force is defined by R.C. 2901.01(A) as, "violence, compulsion, or constraint physically exerted by any means upon or against a person or a thing." In determining whether the defendant threatened the immediate use of force within the contemplation of R.C. 2901.01(A), the court may consider the size and demeanor of the defendant, the likelihood of physical injury from the defendant's conduct, and any peculiar vulnerability of the victim.State vs. Carter (1985), 29 Ohio App.3d 148. Therefore, the element of force may be present incident to snatching a purse from the physical possession of the victim, where the victim was an eighty-five-year-old woman. Id.
Jessica testified that the kitty cat was in her arms, when appellant took it away from her. Tr. 37. J.J. Curtice, an eight-year-old-boy who was playing with Jessica, testified that two boys came up and took the cat out of Jessica's arms. Tr. 31. J.J. further identified appellant as one of the boys who took the kitten. Tr. 32. At the time of the offense, appellant was seventeen years old; Jessica was six years old. Because of Jessica's extremely young age, especially in comparison to appellant's age, she had a peculiar vulnerability. In snatching the kitten out of her arms, appellant could easily have thrown her off balance, knocking her to the ground, causing her injury. SeeCarter, supra, at 150. Appellant's actions in the instant case constituted sufficient force to establish that element of the crime of robbery.
The Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed.
By: Reader, J., Farmer, P. J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00130
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed. Costs to appellant.