OPINION
Larry Wooldridge is appealing from a judgment by the Montgomery County Common Pleas Court finding him guilty of rape pursuant to his no contest plea.
Larry Wooldridge was indicted by the State of Ohio (hereinafter "State") on September 24, 1998 and on August 13, 1999 for multiple sexual offenses, including rape. The trial court dismissed nine of the twenty counts as barred by the statute of limitations and the State appealed the dismissal. In the remaining Indictment counts, Ms. Stephanie Sizemore was named as the victim in three of the counts, two of which were alleged to have occurred in Hawkins County, Tennessee. On June 10, 1999, Mr. Wooldridge moved to dismiss these two counts for improper venue. The trial court held a hearing on the issue and on August 13, 1999 overruled Mr. Wooldridge's motion to dismiss. On November 12, 1999, the State added another charge of forcible rape by a Bill of Information, which alleged that Mr. Wooldridge had committed a rape in Montgomery County, Ohio against Ms. Sizemore.
On November 15, 1999, Mr. Wooldridge, pursuant to a plea agreement, pled no contest to three counts of gross sexual imposition with three different victims, with which he was charged by Indictment, and one count of rape as alleged in the Bill of Information in exchange for a dismissal of the remaining eight counts from the Indictment. In addition, the plea agreement specified that the sentences were to run concurrently and even if the state was able to reverse the dismissal on appeal and prosecute him on the remaining sexual offenses, he could receive no more than the ten years of incarceration that he would receive from his plea.
At the plea hearing on November 15, 1999, the court asked the prosecutor to give a statement of facts about each of the offenses. When giving the statement of facts of the rape alleged in the Bill of Information, the following exchange occurred:
 (Prosecutor): And the Bill of Information, the evidence would show beyond a reasonable doubt that Defendant, Larry Wooldridge, between the 1st day of July, 1996, and the 31st day of August, 1996, in Montgomery County, Ohio, he did engage in sexual conduct which we used to call felonious sexual penetration, so it would be digital penetration with another; to wit, Stephanie Sizemore, not his spouse, less than 13 years of age, whether or not he knew the age of such person. I said something wrong here. This is not in Montgomery County, Ohio. This is in — I wrote it wrong on the Information and I didn't notice — This is in Hawkins County, Tennessee, and we had a hearing on that venue issue, and there was a pattern of conduct, so that was okay. Well, I will say it was either in Montgomery County, Ohio, or Hawkins County, Tennessee, or both. Does that make it worse?
 (The Court): No, that vests the jurisdiction of the Court to hear the charge.
(Feb. 16, 2000, Tr. 11-12).
After accepting the no contest plea, the court found Mr. Wooldridge guilty on the four charges. The trial court sentenced Mr. Wooldridge to eighteen months for each of the two charges of gross sexual imposition, two years for the charge of gross sexual imposition with a person under thirteen years of age, and ten years for the charge of rape. The sentences were ordered to be served concurrently. Further, the court found that Mr. Wooldridge was a sexual predator. Mr. Wooldridge filed his notice of appeal on December 6, 1999.
Mr. Wooldridge asserts one assignment of error:
 THE COURT ERRED IN FINDING THE DEFENDANT GUILTY OF THE CHARGE OF RAPE PURSUANT TO THE DEFENDANT'S NO CONTEST PLEA AND PRONOUNCING SENTENCE UPON HIM FOR SAID OFFENSE, BECAUSE THE COURT LACKED SUBJECT MATTER JURISDICTION.
Due to the prosecutor's misstatement during the statement of facts for the rape charge at the plea hearing, Mr. Wooldridge argues that the trial court lacked subject matter jurisdiction. We disagree.
Under Rule of Criminal Procedure 11 (B) (2), a no contest plea, while not admitting guilt, admits the truth of the facts alleged in the indictment, information or complaint. Crim.R. 11 (B) (2). The Ohio Supreme Court has stated, "where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998), 81 Ohio St.3d 582, 584. Further, when a defendant pleads no contest the state's allegations need only state a felony offense beyond a reasonable doubt, "not a mere possible doubt." R.C. 2901.05.
Moreover, the Ohio Supreme Court has held that "a statement of facts by a prosecutor does not constitute evidence." State v. Green (1998),81 Ohio St.3d 100, 104. Also, since in a no contest plea the defendant is admitting the truth of the facts as presented in the charging document, the state need not deliver a statement of facts. Crim.R. 11 (B) (2); see also, State v. Bowsher (1996), 116 Ohio App.3d 170, 172.
However, where the prosecutor presents a statement of facts and it "`not only fail[s] to include, but absolutely negative[s] the existence of, an essential element of the offense charged in the indictment,'" then the trial court errs by convicting the defendant on his no contest plea to the charge. State v. Edward Joseph Lowe, M.D., Inc. (Mar. 24, 1995), Miami App. No. 93-CA-54, 93-CA-55, unreported, quoting State v. Cohen
(1978), 60 Ohio App.2d 182, 14 O.O.3d 142 (rejecting the argument that a defect in the state's statement of facts is irrelevant because the defendant is admitting the facts in the indictment by pleading no contest). (Emphasis omitted). Thus, although the omission of a fundamental fact is permissible, the trial court may not find a defendant guilty based on his no contest plea if the state's statement of factsabsolutely negates the existence of an essential element of the offense.Lowe, supra.
In Lowe, this Court reversed a defendant's conviction of illegal processing of drug documents when the state's statement of facts absolutely negated the existence of an essential element of the offense.Id. The state's statement of facts, in Lowe, indicated that the illegal processing of drug documents occurred when the defendant falsified entries in patients' medical charts. Id. However, the statutory definition of "drug documents" did not include a patients' medical charts. Id. Therefore, the state's statement of facts, admitting that the "drug documents" named in the Indictment were the falsified medical charts, absolutely negated an essential element of the crime of illegal processing of drug documents. Id. Thus, this court vacated the convictions of the defendants. Id.
In the instant case, Mr. Wooldridge argues that since the prosecutor's statement allowed for the possibility that the rape, for which the trial court found him guilty, could have taken place in its entirety in Tennessee, the trial court did not have subject matter jurisdiction and his conviction should be overturned. However, the State argues that the statement of facts given by the prosecutor at the plea hearing is not evidence. Thus the State argues that through his no contest plea, Mr. Wooldridge admitted the facts described in the Bill of Information which stated that the offense occurred in Montgomery County, Ohio, thereby providing subject matter jurisdiction. We agree with the State.
Although generally the statement of facts by the prosecutor is not evidence and the defendant is deemed to have admitted the truth of the facts contained in the Bill of Information, pursuant to Lowe and Cohen, we must examine the statement of facts to determine whether the prosecutor's statement absolutely negated "an essential element of the crime," which could overturn the conviction. To do so, we must first ascertain whether subject matter jurisdiction constitutes "an essential element of the crime." Subject matter jurisdiction, particularly the element of territorial jurisdiction, has been deemed so essential that it can be raised at any stage of the proceedings, even before the court of appeals. State v. Shrum (1982), 7 Ohio App.3d 244, 245. Further, R.C.2901.11 states that an individual may be subject to criminal prosecution in Ohio only if the state has obtained subject matter jurisdiction through a situation described in the statute. R.C. 2901.11. Thus, subject matter jurisdiction is an element which the State must prove in order to convict an individual of a crime, and as such is "an essential element of the crime."
Secondly, we must determine whether the statement by the prosecutor absolutely negated the element of subject matter jurisdiction provided in the Bill of Information. In the statement of facts, the prosecutor stated, "I will say it was either in Montgomery County, Ohio, or Hawkins County, Tennessee, or both." Since the prosecutor's statement merely raised the possibility that the crime occurred in Tennessee, the prosecutor's statement did not absolutely negate the essential element of subject matter jurisdiction.
This case differs from Lowe, where the state's statement of facts absolutely negated the essential element of "drug documents" from the crime of illegal processing of drug documents. In Lowe, the statement of facts did not equivocally allege that the defendant had either falsified prescriptions, which are "drug documents," or had falsified medical charts, which are not "drug documents." By unequivocally stating that the Lowe defendant had falsified medical charts, the state absolutelynegated the essential element of "drug documents" when the court determined that "drug documents" does not include medical charts. In this case, the State's statement of facts did not unequivocally assert that the crime occurred in Tennessee. Rather, the statement of facts merely admitted the possibility that the crime may have occurred in Tennessee. Thus, unlike Lowe, the State's statement of facts did notabsolutely negate the assertion in the Bill of Information that the crime occurred in Montgomery County, Ohio.
Furthermore, Mr. Wooldridge pled no contest to the Bill of Information, which stated that the crime occurred in Montgomery County, Ohio. In so doing, Mr. Wooldridge admitted the facts within the Bill of Information, specifically that the crime occurred in Montgomery County, Ohio. Although the State's statement may have raised the possibility that the crime occurred in Tennessee, a mere possible doubt does not amount to reasonable doubt. Thus, the State's statement of facts did not absolutely negate an essential element of the crime and the evidence before the court was sufficient to find that subject matter jurisdiction existed., Appellant's assignment of error is overruled, the judgment is affirmed.
 ___________________________ FREDERICK N. YOUNG, J.
GRADY, P.J. and BROGAN, J., concur.