JOURNAL ENTRY and OPINION
The appellant herein, Willie E. Rembert, appeals from his convictions in the Cuyahoga County Court of Common Pleas on one count of robbery in violation of R.C. 2911.02 and one count of possession of drugs in violation of R.C. 2925.11. Because we find that the evidence adduced at trial was sufficient to support the convictions on both counts, we affirm the judgment of the trial court.
The underlying incident involved in this case occurred on March 22, 2000 in Euclid, Ohio. The victim, a seventy-nine year old cancer survivor, was returning to her car in the parking lot of the medical building where her oncologist had his offices when an assailant approached her from behind and yanked her purse, a black Coach brand purse, from off her shoulder. The victim testified that her wrist was twisted as she tried to hold onto the purse after it was snatched by the assailant. Although the victim was shaken up by the incident, she was not seriously physically injured.
Several witnesses who were in the vicinity of the parking lot at the time of the incident testified that the assailant was tall and slight and was wearing tan pants with a green knit hat. The victim and at least two witnesses observed the assailant run down the driveway of the medical building towards Euclid Avenue while carrying the victim's purse.
Police responded to the scene within two to three minutes of the occurrence. Officers then combed the area looking for the suspect, as well as the victim's purse and/or its contents. One of the officers gave a description of the suspect to a group of construction workers working at an apartment building located approximately one-tenth of a mile from the medical office complex where the robbery had occurred. Approximately ten to fifteen minutes later, the officers were summoned by the workers who testified that a male matching the description of the suspect was in the basement of the apartment building hiding in a small storage locker in the vicinity of the laundry room. After the officers arrived, the suspect fled from the basement of the building and started running through the complex. Eventually, the officers tracked the appellant down in the courtyard of the complex, at which time he began to cooperate with the officers. The arresting officers found a quantity of crack cocaine, as well as a pipe commonly used to smoke crack cocaine, on the appellant's person. The appellant's clothing matched the description provided by the victim and the witnesses with the exception that he was no longer wearing a green knit hat.
Two witnesses who had seen the appellant in the parking lot immediately prior to the incident independently identified the appellant out of a photo line-up. Another witness, who had seen the culprit running towards Euclid Avenue, was unable to make a positive identification as she did not get a good glimpse at the culprit's face. The two witnesses who were able to make a positive identification testified at trial that they were sure that the appellant was the person that they witnessed walking behind the victim immediately prior to the time of the purse snatching.
After making bail, the appellant missed several court dates causing a capias to be issued for his arrest. Appellant was indicted on November 30, 2000 on the two counts of which he was eventually convicted. A jury trial commenced on January 8, 2001. At trial the State presented nine witnesses, including the victim, witnesses, the police officers involved in the case and a forensic scientist from the Bureau of Criminal Identification and Investigation. The appellant presented no witnesses.
The jury returned guilty verdicts on both counts on January 9, 2001. At the sentencing hearing, which was held on January 30, 2001, the appellant was sentenced to seven years on the robbery count and nine months on the drug possession count, the terms to be served consecutively.
The appellant timely filed the within appeal and presents a total of four assignments of error for this court's review. The first assignment of error states:
I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668, State v. Brooks (1986), 25 Ohio St.3d 144.
In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
In this assignment of error the appellant is alleging that his trial counsel's failure to stipulate to the drug possession charge caused him prejudice and made it more likely that the jury would also convict on the robbery charge. Yet, appellant's trial counsel addressed this issue on the record, both in the presence of the jury and outside the presence of the jury, on more than one occasion and expressly explained the rationale behind not stipulating to the drug possession count. Prior to jury selection the appellant's counsel explained his decision not to file a motion to separately try the two counts as follows:
 And another issue Judge, is just that at some point in time during the discussions for preparation of trial, Mr. Rembert indicated to me his concern about the drug case and the robbery charges being tried together. I indicated to him that there was a potential motion that could have been filed in regards to separation of counts, but it is my feeling, I expressed this to Mr. Rembert, that good strategy involved here in terms of the drug case and the robbery would be that if Mr. Rembert was in possession of drugs, why would he go out and rob somebody at the same time. So that is our strategy. That's our intention. But I just wanted it noted for the record.
 That is the reason why we're not filing a separation of counts or have not in this case.
During opening statements the appellant's counsel addressed the jury on this issue in the following manner:
 Ladies and gentlemen, I submit to you that a person who is in possession of crack cocaine, who still has the drugs in his pocket and the pipe to smoke it with is not going to be out snatching purses when he still has the drug to smoke. It makes no sense. Common sense will tell you that. Common sense will tell you that. Why would somebody already in possession of drugs rob. It just makes no sense.
* * *
 Mr. Rembert is here accused of a crime that he did not commit, and that is robbery, and the crime he did commit, the drugs, he's never had a problem with that.
Plainly, appellant and his trial counsel made a strategic decision not to resolve the drug possession case outside of the presence of the jury in the hope that it would increase the likelihood of an acquittal on the robbery count. This court cannot conclude that such a tactical decision was unreasonable or that it constituted ineffective assistance of counsel.
The appellant also alleges in this assignment of error that his trial counsel's performance was deficient in failing to challenge the eyewitness identification of David Newlin. This allegation is without merit for several reasons. Firstly, the appellant's counsel did extensively question the identification by David Newlin on cross-examination in an attempt to raise reasonable doubt. To suggest that no such effort was made is inconsistent with the testimony in the record. Secondly, the appellant's assertion that the determination of Mr. Rembert's guilt depended primarily upon the testimony of David Newlin is inaccurate. Mr. Newlin's sister Brittany Newlin also positively identified the appellant both out of a photo line-up and at trial. Finally, a third witness, Jean Sureck, saw the culprit sprinting out of the parking lot holding the purse and, although unable to identify the culprit from a photo line-up, gave police a description of his clothing which was consistent with the attire the appellant had on at the time that he was apprehended.
The fact that the appellant was spotted hiding in a storage locker in a nearby apartment building shortly after the incident and then fled throughout the complex after police arrived was also arguably probative of his guilt.
Accordingly, this assignment of error is hereby overruled.
The appellant's second and third assignments of error are interrelated and have a common basis in law and fact:
 II. EVIDENCE PRESENTED WAS INSUFFICIENT TO SUPPORT A ROBBERY CONVICTION.
 III. ROBBERY CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Robbery is defined in pertinent part in R.C. 2911.02 as follows:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 (2) Inflict, attempt to inflict or threaten to inflict physical harm on another.
In these assignments of error the appellant argues that he should not have been convicted of robbery because the State failed to establish the use of force or threatened use of immediate force against the victim. The appellant specifically contends that [t]he State did not establish that Mr. Rembert's alleged removal of the purse was conducted by force or threat of force. Appellant's counsel is apparently under the mistaken impression that the appellant was indicted under R.C. 2911.02(A)(3) rather than R.C. 2911.02(A)(2). The indictment contained in the record charges the appellant with inflicting, attempting to inflict or threatening to inflict physical harm upon the victim during the commission of a theft offense as proscribed by R.C. 2911.02(A)(2).
The victim's testimony was clear at trial that physical contact was made by the assailant including the twisting of her wrist when the purse was taken from her and the grabbing of her arm and that physical harm was inflicted upon her. Specifically, the victim testified that:
 Somebody came up behind me, touched my shoulder, grabbed my arm, twisted my wrist and yanked the purse right out of me and ran down the road towards Euclid Avenue. (Emphasis added.)
Physical harm to persons is defined at R.C. 2901.01(A)(3)[1] as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." The victim testified that the appellant grabbed her arm and twisted her wrist. The victim, as well as several other witnesses, also testified that she was extremely shaken up as a result of the encounter. Thus, there was sufficient evidence for the jury to find that the appellant inflicted and/or attempted to inflict physical harm upon the victim.
At the time of the purse snatching the appellant was a physically fit thirty-three year old male and the victim was a seventy-nine year old female. The manner in which the appellant took the victim's purse from her person clearly posed a great risk of serious physical injury to the victim from falling or being knocked to the ground. In State v. Carter (1985), 29 Ohio App.3d 148, 149-150, 504 N.E.2d 469, the Ninth Appellate District held in a factually similar case that the mere threat of physical injury resulting from a purse snatching where the victim is elderly is sufficient to satisfy the force element of R.C. 2911.02(A)(3):
 The victim saw her assailant approaching. She felt the purse being jerked from her hands. She was fully cognizant of what was happening.
* * *
 [T]he potential for serious physical injury was certainly present. The woman was eighty-five years old.
 A fall at that age often results in a broken hip or other broken bones. She could have been seriously injured, perhaps even permanently disabled.
Similarly, in this case, the appellant was aware that due to the advanced age of the victim that there was an increased likelihood of physical injury when he grabbed her arm and twisted her wrist in the process of stealing her purse.
The uncontradicted evidence adduced at trial established that appellant both inflicted and threatened to inflict physical harm upon the victim in the process of snatching her purse, that the potential for serious physical injury was present and that the victim was fully cognizant of what was happening as well as the risk of injury.
Assignments of error two and three are not well-taken and are hereby overruled.
The fourth and final assignment of error states:
 IV. TRIAL COURT ERRED IN SENTENCING APPELLANT UNDER REVISED CODE SECTION 2929.14
The appellant was indicted under R.C. 2911.02(A)(2), Robbery, which is a felony of the second degree. R.C. 2929.14 provides that the range of sentences for a felony of the second degree is two, three, four, five, six, seven or eight years. The appellant was sentenced to a term of prison of seven years which is within the range provided for by law. The appellant argues that he was not informed of the possibility of post-release control at the sentencing proceeding. It ought be noted that this was a trial and not a plea. It is sufficient that the journal entry reflects the possibility of post-release control. This information, or lack thereof, may support a Crim.R. 11 issue; but has no impact on the validity of this sentence. Accordingly, this assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., CONCURS. DIANE KARPINSKI, A.J., DISSENTS WITH SEPARATE DISSENTING OPINION.
[1] This court notes that the initial complaint in the Euclid Municipal Court charged the appellant with robbery under R.C. 2911.02(A)(3). Perhaps that is the cause of appellant's counsel's confusion as her arguments in assignments of error II, III and IV mistakenly assume that the appellant was indicted under R.C. 2911.02(A)(3). Yet the indictment in the Cuyahoga County Common Pleas Court plainly charged the appellant with violating R.C. 2911.02(A)(2) and the trial court properly instructed the jury as to the elements of robbery per R.C. 2911.02(A)(2). Grand juries have plenary and inquisitorial powers and may lawfully upon their own motion originate charges against offenders. * * * State v. Marbley (May 18, 1995), Cuyahoga App. No. 67685, unreported, citing State v. Kilingenberger (1925), 113 Ohio St. 418, 426. The grand jury does not exceed its authority by returning an indictment that differs from the initial complaint. State v. Marbley, supra.