[Cite as *State v. Barnett*, 2013-Ohio-3838.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 12CA3527 |
| vs. | : | |
| BOBBY L. BARNETT, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Thomas P. Liptock, 2121 Miamisburg-Centerville Road, Centerville, Ohio 45459[1]

COUNSEL FOR APPELLEE:     Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Scioto County Assistant Prosecuting Attorney, 602 Seventh Street, Portsmouth, Ohio 45662

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURALIZED: 8-27-13
ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence.   Bobby L. Barnett, defendant below and appellant herein, pled no contest to trafficking in violation of R.C. 2925.03(A)(2)& (C)(6)(e).   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

---

[1]   A number of different counsel represented appellant during the trial court proceedings.

"THE TRIAL COURT ERRED IN FINDING DEFENDANT
GUILTY OF COUNT ONE OF THE INDICTMENT WHERE NO
EVIDENCE WAS PRESENTED ESTABLISHING A JUVENILE
WAS IN THE VICINITY OF THE DRUG TRAFFICKING."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN FINDING DEFENDANT
GUILTY OF COUNT ONE OF THE INDICTMENT WHERE NO
EVIDENCE WAS PRESENTED SHOWING THE
TRAFFICKING TOOK PLACE IN SCIOTO COUNTY."

THIRD ASSIGNMENT OF ERROR:

" THE TRIAL COURT ERRED BY VIOLATING CRIMINAL
RULE 11(F) BY NOT STATING THE UNDERLYING
AGREEMENT UPON WHICH THE PLEA IS BASED."

**{¶ 2}** On January 17, 2012, the Scioto County Grand Jury returned a nine count
indictment that charged appellant with, inter alia, trafficking drugs. Appellant initially pled not
guilty and filed two motions to suppress evidence. After a hearing, the trial court overruled the
motion.[2]

**{¶ 3}** Apparently pursuant to the parties' agreement, appellant pled "no contest" to the
first count of the indictment (trafficking) and the appellee requested a dismissal of the remaining
charges. At the November 5, 2012 hearing, the trial court endeavored to ensure that appellant
understood the various rights that he would be waiving and the consequences of his plea. So
assured, the trial court accepted appellant's plea and found him guilty. At sentencing, the court,

---

[2] The trial court also overruled appellant's second motion to suppress evidence on grounds of res judicata. We note, however, that the denial of a suppression motion is generally an unappealable interlocutory order. See *State v. Brandenstein*, 7th Dist. Belmont App. No. 98BA30, 1999 WL 1279160, at fn. 2 (Dec. 3, 1999). Res judicata does not apply to interlocutory orders. *State v. Vining*, 3rd Dist. Auglaize App. No. 2-88-22, 1990 WL 35394 (Mar. 14, 1990).

presumably[3], informed appellant that it would impose a ten year prison sentence.   This appeal

followed.[4]

I

{¶ 4}   We jointly consider appellant's first and second assignments of error as they raise

the same issue.   Appellant argues that the trial court erred by accepting his plea, and finding him

guilty, when no "evidence" was adduced to show (1) a juvenile in the vicinity of the location

where he trafficked drugs, or (2) that such trafficking took place in Scioto County.

{¶ 5}   Initially, we point out that the word "evidence" means "any species of proof . . .

presented at the trial of an issue[.]"    Black's Law Dictionary 498 (5[th] Ed.1979).   In the case sub

judice, no trial occurred and, thus, no need arose to present "evidence."   Indeed, a trial court

need not hear any testimony on a no contest plea. Crim.R. 11(C)(4).

{¶ 6}   More important, a "no contest plea" is deemed "an admission of the truth of the

facts alleged in the indictment."   Id. at (B)(2).   Here, Count one of the indictment states, in

pertinent part, that "at Scioto County" appellant trafficked in drugs (heroin) "in the vicinity of a

Juvenile."   Consequently, by pleading no contest, appellant admitted that he committed the

offense in Scioto County and in the vicinity of a juvenile.

---

[3] It appears that a page is missing from the sentencing hearing transcript.    Thus, we presume that the court informed appellant of the same sentence that it imposed in the sentencing entry.

[4] The November 9, 2012 entry did not dismiss the remaining eight counts of the indictment as was apparently agreed upon.    A judgment that does not resolve all counts of an indictment is not a final appealable order such that we would have jurisdiction to consider the appeal. *In re BJG*, 4th Dist. Adams App. No. No. 10CA894, 2010-Ohio-5195, at ¶7; *State v. Wyant*, 4th Dist. Scioto App. No. 08CA3264, 2009-Ohio- 5200, at ¶10; *State v. Rothe*, 5th Dist. Fairfield App. No. 2008 CA 44, 2009-Ohio-1852, at ¶10.    On May 16, 2013, two weeks after appellant had filed his brief, a dismissal entry was filed and this is the final appealable order in the case.    Thus, appellant's Notice of Appeal, filed December 4, 2012, was premature, but will be treated as having been filed on May 16th pursuant to App.R. 4(C).

{¶ 7}   Appellant counters that although Crim.R. 11(B)(2) may apply in most cases, it does not apply here.   He points to a portion of the November 5, 2012 hearing transcript wherein the assistant prosecutor and defense counsel stipulated to using the facts adduced at the suppression hearing as a recitation of the facts for the no contest plea.   Appellant contends that no mention was made at the suppression hearing of the offense taking place in Scioto County or in the vicinity of a juvenile.   Thus, appellant concludes, the trial court should not have accepted his plea.

{¶ 8}   First, we find nothing in the stipulation that negated the application of Crim.R. 11(B)(2).   Furthermore, even if that had been included in the stipulation, appellant cites no authority, and we are aware of none, to allow parties to negate the application of the Rules of Criminal Procedure.

{¶ 9}   Second, if we were to accept, for purposes of argument, appellant's argument, we point out that counsel agreed to use of the hearing transcript as a statement of facts.   The "invited error doctrine" prohibits a party from taking advantage of an error he, himself, induced the court to make.   *State v. Hicks*, 4th Dist. No. 11CA933, 2012–Ohio–3831, at ¶ 11; *State v. Rizer*, 4th Dist. No. 10CA3, 2011–Ohio–5702, at ¶ 27. This doctrine applies to errors arising from a negotiated plea agreement.   See *State v. Marcum*, 4th Dist. Hocking Nos. 12CA22, 12CA26, 2013-Ohio-2189, at ¶10; *State v. Robinson*, 8th Dist. Cuyahoga No. 90411, 2008–Ohio–3972, at ¶7.   Appellant, through counsel, agreed to use the suppression hearing transcript and cannot now complain of action to which he consented.

{¶ 10}  Appellant also cites *State v. Cohen*, 60 Ohio App.2d 182, 396 N.E.2d 235 (1st Dist. 1978) for the proposition that Crim.R. 11 (B)(2) cannot save a conviction "where the facts

produced did not support such a finding [of guilt]." However, we believe that appellant's reliance on this case is misplaced. In *Cohen*, the appellant was charged with robbery and, after pleading no contest, the prosecutor's statement of facts explicitly negated the element of force necessary for a conviction for that offense. Our colleagues on the Hamilton County Court of Appeals aptly noted:

> "It is one thing to rely on Crim.R. 11(B)(2) to supply the fundament for the correction of an inadvertent omission in the statement of facts or even to furnish the dispositive weight where facts are in some dispute, but it is quite another to use it, as the state would have it, to paper over an obvious, unarguable, and dispositive deficiency in the state's case against the defendant. We take it that no one would argue that Crim.R. 11(B)(2) would sustain the trial court in accepting and proceeding to sentence under the indicted charge on a no contest plea to murder or manslaughter where the state's statement of facts conceded that the victim still lived. This would indeed be the elevation of shadow over substance; yet, in less dramatic form, it is the case at hand." Id. at 184.

{¶ 11}We recognize that the State's factual recitation in Cohen actually negated the facts set out in the indictment. That scenario, however, did not happen here. We also point out that *Cohen* supports our ruling in the case sub judice. That *Cohen* court observed that it had held "on several occasions that, as a consequence of Crim. R. 11(B)(2), a defendant's conviction of the offense charged in the indictment is proper where the prosecutor, through inadvertence or otherwise, [o]mits the factual fundament for an essential element of the offense from his oral description of the events and circumstances surrounding the charge . . ." Id. (Emphasis added.)

{¶ 12}In the case at bar, appellant points to nothing in the record to negate the facts alleged in the indictment. To the extent that any deficiency in facts resulted from the suppression hearing, the admission of the facts alleged in the indictment, pursuant to Crim.R. 11(B)(2), cures any alleged deficiency.

{¶ 13} Accordingly, for these reasons, we find no merit in appellant's first and second

assignments of error and they are hereby overruled.

II

{¶ 14} In his third assignment of error, appellant asserts that the trial court violated

Crim.R. 11(F) by not stating, on the record at the change of plea hearing, the underlying

agreement on which the plea was based.[5]

{¶ 15} Admittedly, a certain degree of confusion occurred at the change of plea hearing.

The transcript reveals several instances that the trial court and the prosecutor mistakenly referred

to a guilty plea.   This may explain the muddled statement of the agreement, but as the following

colloquy reveals, we believe the trial court complied with the rule:

> "[THE STATE] Yes, Your Honor.   I think the agreement is that the Defendant
> will plead guilty to count 1, as Your Honor has recited – I'm sorry –
>
> THE COURT: No contest.
>
> [THE STATE]: He's going to plead to no contest to count 1 as – as Your Honor,
> read there, and that we discussed and agreed on the appeal on the decision on the
> Motion to Suppress that was filed and heard in this Court.
>
> THE COURT: Okay.   Do you agree with that [defense counsel]?
>
> [DEFENSE COUNSEL]: That's accurate your honor."

{¶ 16} Although the terms of the agreement appears somewhat muddled, appellant could

plead no contest to count one to preserve the right to challenge the denial of his suppression

motion (an issue not raised on appeal).   Furthermore, although there does not appear to have

---

[5] Crim.R. 11(F) states, in pertinent part, that when a negotiated no contest plea is made, "the underlying agreement upon which the plea is based shall be stated on the record in open court."

been any mention of the other counts being dismissed, the fact that the matter proceeded to sentencing without disposition of those other counts indicates that it was, at the least, implied.

{¶ 17} Generally, when the pleading issues involved are not in the nature of constitutional rights, we review a trial court's adherence to Crim.R. 11 under the "substantial compliance" standard. See *State v. Bryant*, 4th Dist. Meigs No. 11CA19, 2012-Ohio-3189, at ¶8; *State v. Barner*, 4th Dist. Meigs 10CA9, 2012-Ohio-4584, at ¶8; *State v. Butcher*, 4th Dist. Athens No. 09CA31, 2010-Ohio-4877, at ¶13. Even if we assume, arguendo, that the above quoted colloquy did not fully comply with Crim.R. 11(F), we believe the court substantially complied with the requirements.

{¶ 18} Finally, any deficiency on the part of the trial court in not fully explaining the terms of the plea agreement constitutes harmless error. See Crim.R. 52(A). Appellant does not argue that he agreed to any other terms (including the sentence). We should not reverse a conviction when no prejudice has been established.

{¶ 19} Accordingly, we find no merit in appellant's third assignment of error and it is hereby overruled. Having reviewed all errors that appellant assigned and argued, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.


JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.