[Cite as *State v. Juhasz*, 2015-Ohio-3801.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-14-1208

    Appellee                                 Trial Court No. CR0201402168

v.

Robert Juhasz                                    **DECISION AND JUDGMENT**

    Appellant                                Decided:  September 18, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Mark T. Herr, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Robert Juhasz, appeals the September 17, 2014 judgment of the

Lucas County Court of Common Pleas which, following a jury trial convicting him of

robbery, sentenced him to 18 months of imprisonment.  Because we find that the verdict

was supported by sufficient evidence and was not against the weight of the evidence, we affirm.

{¶ 2} On July 24, 2014, appellant was indicted on one count of robbery, R.C. 2911.02(A)(3), a third degree felony. The charge stemmed from a purse snatching on July 7, 2014. Appellant entered a not guilty plea and on September 11, 2014, the matter proceeded to trial.

{¶ 3} Victim, L.I., testified that on July 7, 2014, she was at her boyfriend's house, a duplex, in Toledo, Lucas County, Ohio, and remained there from 4:00 p.m. until 2:00 a.m. At some point she went down to the lower unit of the duplex where her friend, Lauren, lived with her father, husband and child, and visited while her boyfriend slept. Lauren cooked some food on the grill while L.I. was visiting. It was after midnight and the two were sitting at a table outside when appellant approached them. L.I. testified that she had met appellant before and that he was a friend of Lauren's husband.

{¶ 4} At the time of appellant's arrival, L.I. stated that she had her purse which contained her identification and other important documents including her social security card and she and her son's birth certificates. L.I. testified that she had $6,000 in cash in her purse from selling her late father's guitars. L.I. claimed that she had not told anyone about the sales or the large sum of cash she was carrying.

{¶ 5} L.I. stated that appellant walked up to them and asked for a cigarette; neither she nor Lauren smoked so they responded negatively. L.I. stated that appellant then reached for her purse and she grabbed her shoulder. She stated that "[h]e grabbed back at

2.

it and he – we struggled a moment and he took off with my purse." L.I. testified that they pursued him but could not catch him. She then called 9-1-1. L.I. stated that she did not speak to police that night; she did not hear them knocking on the door. L.I. went to Toledo police headquarters in the morning.

{¶ 6} A resource officer with the Lucas County Sheriff's Department, testified that she monitors Lucas County Corrections Center inmate telephone conversations. The officer testified that she reviewed the July 19, 2014 telephone conversation involving appellant. During the 15-minute call that was played for the jury, appellant admits to stealing the purse.

{¶ 7} A Toledo police detective investigated the purse snatching. After speaking with L.I. and Lauren, the detective issued a warrant for appellant's arrest.

{¶ 8} Defense witness, Lauren, testified that around 4:00 p.m., prior to the purse snatching, she learned that L.I.'s mobile phone had been stolen. Lauren stated that at approximately 12:30 a.m., appellant was present and she was cooking on the grill. Lauren testified that L.I.'s purse was on the table. Lauren stated that her back was turned when she heard L.I. state "Where's my purse?" and "Where did Rob go?" Lauren stated that she turned around and then saw appellant running down Front Street. She did not hear a struggle between appellant and L.I.

{¶ 9} Lauren was then questioned about her statement to police that she witnessed L.I. and appellant struggle over control of the purse. Lauren stated that she felt sorry for L.I. and went along with her story.

3.

**{¶ 10}** During cross-examination, Lauren admitted that she considered both L.I. and appellant friends and that she did not want to testify at the trial.  Lauren admitted that after appellant contacted her husband (his childhood friend), her story changed.  She clarified that no one pressured her to change her story.

**{¶ 11}** Following the presentation of the evidence and jury deliberations, the jury found appellant guilty of robbery.  This appeal followed with appellant raising the following assignment of error for our review:

> Appellant's conviction was not supported by sufficient evidence thereby violating his due process constitutional rights as set forth in the Fifth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16 of the Ohio State Constitution.

**{¶ 12}** Although appellant's sole assignment of error asserts that appellant's robbery conviction was not supported by sufficient evidence, appellant also argues that his conviction was against the manifest weight of the evidence. We will address both standards.

**{¶ 13}** The Ohio Supreme Court has ruled that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).  At its core, sufficiency of the evidence is a determination of adequacy and a court must consider whether the evidence was sufficient to support the conviction as a matter of law. *Id.*  The proper analysis is "'whether, after viewing the evidence in a light most favorable

to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Williams,* 74 Ohio St.3d 569, 576, 660 N.E.2d 724 (1996), quoting *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 14} In contrast, a manifest weight challenge questions whether the state has met its burden of persuasion. *Thompkins* at 387. In making this determination, the court of appeals sits as a "thirteenth juror" and, after:

> "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 15} Appellant's argument is not that he did not steal the victim's purse; rather, appellant contends that the state failed to provide sufficient evidence of the element of force. Appellant was convicted of robbery, R.C. 2911.02(A)(3), which required proof that appellant used or threatened to use force when he stole L.I.'s purse.

{¶ 16} Ohio courts have held that a struggle over control of an individual's purse has been sufficient to establish the element of force. *See State v. Foster*, 8th Dist.

Cuyahoga No. 90109, 2008-Ohio-2933, ¶ 20, citing *State v. Steinbach*, 5th Dist. Stark No. 2004CA00079, 2004-Ohio-6821, ¶ 20. Further, the struggle need not be prolonged or active; the act of forcibly removing a purse from an individual's shoulder is sufficient. *State v. Carter*, 29 Ohio App.3d 148, 150, 504 N.E.2d 469 (9th Dist.1985).

{¶ 17} In the present case, when viewing the evidence in the prosecution's favor, we find that the element of force was sufficiently established. L.I. testified that she and appellant struggled over control of her purse. We further conclude that appellant's robbery conviction was not against the weight of the evidence. Although there was conflicting testimony regarding whether the purse was forcibly removed from L.I.'s shoulder or simply swiped from a table, the jury did not create a manifest injustice when it found L.I.'s testimony to be credible.

{¶ 18} Based on the foregoing, we find that appellant's robbery conviction was supported by sufficient evidence and was not against the manifest weight of the evidence. Appellant's assignment of error is not well-taken.

{¶ 19} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                          _____
                                                                   JUDGE

Stephen A. Yarbrough, P.J.

                                                       _____
James D. Jensen, J.                                             JUDGE
CONCUR.

                                                       _____
                                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

7.